506 So.2d 1068 (1987)
Alphonso BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1948.
District Court of Appeal of Florida, Second District.
April 1, 1987.
Rehearing Denied May 15, 1987.
James Marion Moorman, Public Defender, and Steve Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Theda R. James, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant appeals the judgment and sentence resulting from his adjudication of guilty of living off the earnings of a prostitute in violation of section 796.05, Florida Statutes (1983). Appellant raises a number of points on appeal, only three of which we discuss.
We have considered each of the issues presented by the appellant including his attack on the constitutionality of section 796.05, Florida Statutes (1983). His constitutional challenge is without merit. See Eaton v. State, 481 So.2d 1254 (Fla. 3d DCA 1986). We affirm his conviction.
We do find merit, however, in appellant's argument that the court erred in sentencing him. The sentencing guidelines recommended any nonstate prison sanction. The court instead sentenced appellant to two years' community control. The supreme court has recently held that where the guidelines recommendation is "any nonstate prison sanction," a sentence of community control constitutes a departure from the sentencing guidelines. State v. Mestas, 507 So.2d 587 (Fla. 1987). Since there were no written reasons for departure, we reverse and remand for either correction of the sentence or entry of written reasons supporting the departure. State v. Jackson, 478 So.2d 1054 (Fla. 1985); State v. Bruner, 503 So.2d 457 (Fla. 2d DCA 1987).
Appellant also correctly asserts that the court erred in imposing $1,000 costs without prior notice. Jenkins v. State, 444 So.2d 947 (Fla. 1984). We, therefore, strike the costs without prejudice to the state seeking imposition of costs after appropriate notice and hearing. Dilla v. State, 503 So.2d 1316 (Fla. 2d DCA 1987). In addition, the record reveals that the court failed to cite proper statutory authority for assessing the $1,000 costs. On remand if the court assesses costs, the court must cite proper statutory authority. See Allen v. State, 508 So.2d 360 (Fla. 2d DCA 1987).
We affirm the conviction and reverse the sentence. The assessment of costs is *1069 stricken. This matter is remanded to the trial court for further proceedings consistent with this opinion.
FRANK, A.C.J., SANDERLIN, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.