584 So.2d 599 (1991)
Columbus Ferry SIPLIN, Appellant,
v.
STATE of Florida, Appellee.
No. 90-01298.
District Court of Appeal of Florida, Second District.
July 31, 1991.
Rehearing Denied September 6, 1991.
James Marion Moorman, Public Defender, and John S. Lynch, Asst. Public Defender, Bartow, for appellant.
*600 Robert A. Butterworth, Atty. Gen., Tallahassee, and Ron Napolitano, Asst. Atty. Gen., Tampa, for appellee.
PATTERSON, Judge.
The appellant challenges his judgment and sentence for delivery of cocaine. He raises five points on appeal; however, we address only his arguments that the trial court's written probation order differs from the court's oral pronouncement of sentence and that court costs were imposed upon him without proper notice.
At sentencing, the trial court stated that the appellant was not to have any contact with "the victim involved in the burglary or any of the witnesses that testified against [the appellant] in the trial of this case." The court's written probation order, condition (9), provides that the appellant is to have "[n]o contact with the victim or any witnesses."
The appellant argues that the court's written condition of probation is broader than its oral pronouncement. He argues that when a written pronouncement of sentence conflicts with a written order, the oral pronouncement should prevail. While we agree that oral pronouncements should prevail, Zachary v. State, 559 So.2d 105 (Fla. 2d DCA 1990), we do not believe the provisions conflict. Nonetheless, for the sake of clarity we construe the written condition of probation to logically mean that the appellant is not to have any contact with the victim or the state's witnesses.
The appellant also argues that the trial court erred in imposing $240 in court costs without notice or the opportunity to object. The final judgment reflects that $200 in costs were imposed pursuant to section 27.3455, Florida Statutes (1989), and $20 in costs were imposed pursuant to section 960.20, Florida Statutes (1989). We affirm the final judgment as to these costs since "statutorily mandated costs may be imposed on an indigent defendant without actual notice and without a determination, at the time of imposition, of the defendant's ability to pay." State v. Vamper, 579 So.2d 730 (Fla. 1991); State v. Beasley, 580 So.2d 139 (Fla. 1991).
We strike the costs imposed pursuant to two other statutes printed on the final judgment, section 943.25(4) and 943.25(8), Florida Statutes (1989). These citations are apparently misprinted on the form, as these statutes do not authorize the imposition of costs. We also strike the $15 fee designated for the "Court Improvement Fund," which is not a statutorily mandated cost. The state may seek to reimpose these costs after proper notice and the opportunity to be heard.
Reversed in part and remanded.
FRANK, A.C.J., and HALL, J., concur.