HALL, Judge.
The appellant, Joseph Washington Harris, was convicted of two counts of armed *232 robbery and one count of attempted armed robbery, in violation of section 812.13, Florida Statutes (1989). He raises several issues on appeal; however, we find merit only in his contentions as to restitution and costs. The appellant primarily contends that the trial court erred in setting amounts for restitution without providing him with a restitution hearing. While we agree that the appellant is entitled to a restitution hearing, we cannot determine from the record whether he waived the hearing by agreeing to the amount of restitution. We, therefore, remand, for further proceedings.
The record reflects that at the appellant’s sentencing hearing, the trial court stated:
There being apparent conflict as to how much restitution might be due to whom, we will schedule this for a separate hearing in respect to the amounts of restitution, with the specific provision that if [the defendant] is presented with what purports to be accurate amounts and agrees to them, that would obviate the need for such hearing. It will become part of the order at that time.
The trial court entered an order five days later setting forth the amount of restitution. Since we have no record of a separate restitution hearing or any reflection in the record that the appellant agreed to the restitution amounts ordered, we remand this case to the trial court. Upon remand, the trial court shall determine on the record whether the appellant and the state agreed to the amount of restitution. If it is determined that there was no such agreement, a restitution hearing shall be conducted forthwith and the restitution order corrected to reflect the proper amounts.
The appellant also complains that he was assessed certain court costs which were unauthorized by statute. We agree and hereby strike the costs imposed pursuant to sections 943.25(4) and 943.25(8), Florida Statutes (1989). Those citations are misprinted on the final judgment form, as those provisions do not authorize the imposition of court costs. See Siplin v. State, 584 So.2d 599 (Fla. 2d DCA 1991).
Accordingly, the case is remanded for further proceedings consistent with this opinion. The appellant’s judgment and sentence are otherwise affirmed.
CAMPBELL, A.C.J., and BLUE, J., concur.