604 So.2d 13 (1992)
Donald Llewellyn WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-00840.
District Court of Appeal of Florida, Second District.
August 7, 1992.
*14 James Marion Moorman, Public Defender and Timothy A. Hickey, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
We have for review three sentencing issues raised by Donald Llewellyn Williams. Williams was charged with one count of possession of cocaine and one count of possession of drug paraphernalia. He pled no contest to both counts as charged and the trial court sentenced Williams to two and one-half years' incarceration followed by two years' "habitualized" probation on count I and to one year probation on count II. The trial court also imposed the following costs without providing any statutory authority: $50.00 court improvement fund; $50.00 cost of prosecution; $25.00 Hillsborough County Drug Abuse Fund; and $25.00 crime lab fund.
Williams first claims that the trial court deviated from its oral pronouncement of one year probation on count II in the written sentence. However, it is clear from the document entitled "Order of Probation" that Williams is to serve one year probation consecutive to the incarceration imposed for count I, consistent with the court's oral pronouncement. Accordingly, we find no error on this point.
Williams next contends that the trial court erred in determining Williams to be a habitual offender before his sentencing hearing. The determination of habitual offender status is a ministerial determination. See King v. State, 597 So.2d 309 (Fla. 2d DCA 1992). Because the trial judge has no discretion in determining habitual offender status, determination prior to the sentencing hearing does not constitute error.
Williams finally argues that the trial court erred in imposing costs without notice and an opportunity to be heard. We agree. The costs assessed against Williams are not statutorily mandated costs and are therefore stricken for lack of notice or opportunity to be heard. See Siplin v. State, 584 So.2d 599 (Fla. 2d DCA 1991). The state may seek to reimpose these costs after proper notice and opportunity to be heard. Siplin.
Williams' conviction and sentence are affirmed, but the costs are stricken and the case is remanded for further proceedings consistent with this opinion.
Affirmed, but remanded for further proceedings.
LEHAN, C.J., and BLUE, J., concur.