635 So.2d 1032 (1994)
Darrell SUTTON, Appellant,
v.
STATE of Florida, Appellee.
No. 92-02887.
District Court of Appeal of Florida, Second District.
April 22, 1994.
*1033 James Marion Moorman, Public Defender, and D.P. Chanco, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Johnny T. Salgado, Asst. Atty. Gen., Tampa, for appellee.
LAZZARA, Judge.
Darrell Sutton challenges the judgment and sentence of the trial court. He raises two issues on appeal. He first argues that the trial court erred in denying his motion to suppress evidence. We find no merit in this argument and affirm.
In his second argument, we again confront a situation in which a defendant complains of the improper imposition of court costs. We agree with Sutton's contention and reverse and remand for further proceedings. In doing so, we hope by this opinion to clarify an area of the law that continues to spawn unnecessary appellate review.
Sutton entered an open plea of nolo contendere to various criminal offenses, specifically reserving the right to appeal the denial of his motion to suppress. The trial court sentenced him to a period of probation and orally announced that as a special condition he was to pay $600 in court costs and $100 to the Hillsborough County drug education fund. The trial court gave no statutory basis for the imposition of these costs and did not give Sutton any prior notice of its intent to make an assessment for the drug education fund.
The trial court later rendered a written judgment, as well as a written order of probation. Although the judgment and order referred to the costs, neither cited to the statutory basis authorizing their imposition. Additionally, even though the judgment did not break down the $600 costs into specific categories, the probation order did delineate them as follows: $235 for court costs; $250 for the court improvement fund; and $115 for costs of prosecution.[1]
We recognize that statutorily mandated court costs[2] can be imposed without notice to a defendant. State v. Beasley, 580 So.2d 139 (Fla. 1991). However, as we have consistently held, the record must contain a citation to the proper statutory authority supporting the assessment of such costs. E.g., Brown v. State, 506 So.2d 1068 (Fla. 2d DCA), rev. denied, 515 So.2d 229 (Fla. 1987). In this case, the record contains no such statutory reference.
We have also held that discretionary costs such as those assessed for the court improvement fund, the drug education fund, and costs of prosecution cannot be imposed unless a defendant is given notice and an opportunity to be heard, and the record recites the statutory authority for their imposition. Williams v. State, 604 So.2d 13 (Fla. 2d DCA 1992). The record here fails to reflect compliance with these requirements.
Finally, we hold again that if costs of prosecution are based on section 939.01, Florida Statutes (1993), then the state has the burden of proving the amount of these costs, and the trial court must consider the defendant's financial resources before imposing them. Tennie v. State, 593 So.2d 1199 (Fla. 2d DCA 1992). This procedure was not followed in this case.
We, therefore, strike the costs imposed on Sutton. On remand, the state may seek to reimpose these costs consistent with the law expressed in this opinion. Williams; Wray v. State, 596 So.2d 80 (Fla. 2d DCA 1992).
*1034 Affirmed in part, reversed in part and remanded.
RYDER, A.C.J., and PATTERSON, J., concur.
NOTES
[1] The record does not reflect why the assessment for the drug education fund was omitted from the probation order.
[2] See, e.g., §§ 27.3455(1); 939.015; 939.017; 943.25(3); 960.20, Fla. Stat. (1993).