LAWRENCE, Judge.
In this belated appeal, Aaron Reynold Anderson (Anderson) argues there are two defects in his written judgment and sentence which must be corrected. The State properly concedes error on both. First, the judgment erroneously indicates Anderson was convicted of purchasing cocaine within 200 feet of a public housing facility, a crime with which he was never charged and a crime to which he never pleaded. Anderson was convicted of purchasing cocaine.[1] Second, the written sentence assessed $100 in costs to go to the Florida Crime Lab Trust Fund. This cost is discretionary and as such, cannot be imposed unless the defendant is first given notice and an opportunity to be heard, and the record cites the specific statutory author-
*1232 lty for the assessment. Sutton v. State, 635 So.2d 1032 (Fla. 2d DCA 1994); Williams v. State, 604 So.2d 13 (Fla. 2d DCA 1992). Review of the record in this case reflects that none of these requirements were met. The cost was not included in the plea agreement, and was not verbally imposed at the plea and sentencing hearing. Moreover, no statutory authority was cited to support the assessment.
Accordingly, we REVERSE and REMAND with directions to correct the scrivener’s error in the final judgment and for a hearing on the costs issue where Anderson is afforded notice and an opportunity to be heard. We AFFIRM the conviction and sentence in all other respects.
ERVIN and BOOTH, JJ., concur.

. The judgment lists the wrong offense, but cites the correct statute and the correct degree of felony.