661 So.2d 1243 (1995)
Johnny Love WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 94-03380.
District Court of Appeal of Florida, Second District.
October 18, 1995.
James Marion Moorman, Public Defender, and Robert D. Rosen and Kenneth D. Whitfield, Assistant Public Defenders, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann P. Corcoran, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
The appellant, Johnny Love Williams, challenges the judgments and sentences imposed upon him after he was adjudicated guilty of violation of probation and the new substantive offense of possession of cocaine. We *1244 affirm the convictions but reverse the sentences.
Appellant, who was serving two separate probation sentences for possession of cocaine convictions, was charged with a new substantive offense of possession of cocaine and violation of probation. Appellant was found guilty by a jury of the new offense. The trial court adjudicated appellant guilty of the new substantive offense and found that this conviction constituted a violation of the two probation terms he was serving. The court sentenced appellant to ninety days in the county jail and two years community control. Appellant filed a timely notice of appeal.
We find no reversible error in regard to appellant's challenge of the new substantive offense and affirm the conviction. However, the sentence imposed by the trial court of incarceration and community control was in error because the permitted sentence under the guidelines was community control or incarceration, but not both. Felty v. State, 630 So.2d 1092 (Fla. 1994). We accordingly reverse the sentence and remand for resentencing.
Appellant has also challenged the public defender lien and various costs imposed upon him. At resentencing if the court decides to impose a public defender lien, the procedures of Florida Rule of Criminal Procedure 3.720 must be followed. Also, any nondiscretionary costs imposed by the court must be accompanied by a reference to its statutory authority. Sutton v. State, 635 So.2d 1032 (Fla. 2d DCA 1994).
Affirmed in part, reversed in part, and remanded.
SCHOONOVER, A.C.J., and FRANK and ALTENBERND, JJ., concur.