PARKER, Judge.
Following Gregory Robert James’s plea of guilty to sale and possession of cocaine, counsel for James has filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), certifying no meritorious appealable issues. We affirm the convictions and sentences. We, however, are compelled to strike certain costs and modify the judgment to show that James pleaded guilty to the offenses.
The trial court imposed the following costs' and entered a Judgment for Fine and Costs which itemized the costs and set forth their statutory authority:
□ $50 for the Crimes Compensation Trust Fund pursuant to section 960.20, Florida Statutes (Supp.1994); •
□ $5 for the Criminal Justice Trust Fund (State and Local) pursuant to section 943.25, Florida Statutes (1993);
□ $200 for the Criminal Justice Trust Fund pursuant to section 27.3455, Florida Statutes (1993);
□ $50 for Costs of Prosecution pursuant to section 939.01, Florida Statutes (1993); and
□ $184 for Investigative Costs pursuant to section 939.01, Florida Statutes (1993).
 The $50 for the Crimes Compensation Trust Fund is a mandatory cost. Reyes v. State, 655 So.2d 111, 117 (Fla. 2d DCA 1995) (en banc). A cost of $3 is mandatory for the Criminal Justice Trust Fund (State and Local). Reyes, 655 So.2d at 117. We, therefore, strike $2 from the $5 cost the court imposed. See Curry v. State, 656 So.2d 521 (Fla. 2d DCA 1995). The $200 for the Criminal Justice Trust Fund is mandatory. Reyes, 655 So.2d at 117. Costs of prosecution are discretionary. Reyes, 655 So.2d at 117. Neither the court nor the prosecutor mentioned $50 for costs of prosecution; therefore, we strike this cost without prejudice for the state to seek reimposition. The prosecutor asked for $184 in investigative costs. The agency requesting investigative costs, including the state attorney, must document the cost, and the court must consider the defendant’s financial resources before imposing them. Reyes, 655 So.2d at 119; Sutton v. State, 635 So.2d 1032 (Fla. 2d DCA 1994). We must strike these costs without prejudice to the state to seek reimposition of these costs. See Sutton, 635 So.2d at 1033. Finally, the judgment should be modified to show that James pleaded guilty to the offenses.
We remand this case to the trial court to modify the judgment as directed and to allow *997 the state to seek reimposition of certain costs.
CAMPBELL, A.C.J., and QUINCE, J., concur.