PARKER, Judge.
Darryl A. Turner appeals his conviction and sentence for resisting arrest with violence, specifically arguing that the trial court erred in denying his motion for judgment of acquittal and erred in imposing certain conditions of probation and costs. We affirm the conviction but reverse certain conditions of probation and costs.
We strike the following special conditions of probation because the trial court did not orally pronounce them: (1) That portion of probation condition (5) prohibiting the use of intoxicants to excess. See Hart v. State, 651 So.2d 112 (Fla. 2d DCA 1995) (citing Tomlinson v. State, 645 So.2d 1 (Fla. 2d DCA 1994)), review granted, 659 So.2d 1089 (Fla.1995); and (2) Condition (11) requiring Turner to maintain an hourly accounting of all activities in a daily log. See Vinyard v. State, 586 So.2d 1301 (Fla. 2d DCA 1991).
We must also strike special conditions (20) and (24) requiring Turner to submit to drug evaluation and treatment and abide by treatment center rules, regulations, and programs because the record does not reflect that the offense involved here is alcohol or drug related. See Biller v. State, 618 So.2d 734 (Fla.1993); Rodriguez v. State, 378 So.2d 7 (Fla. 2d DCA 1979).
Last, we strike the $2 cost pursuant to section 943.25(13) for criminal justice education by municipalities and counties because it is discretionary and requires oral pronouncement. Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995) (en banc). Upon remand the state may seek to reimpose that cost.
We remand this case to the trial court in order for the state to seek reimposition of the $2 cost.
THREADGILL, C.J., and WHATLEY, J., concur.