PER CURIAM.
We affirm William Stroud’s judgments and sentences but strike the $2 imposed pursuant to section 943.25(13), Florida Statutes (1993), as the trial court did not give Stroud notice of this cost at sentencing. See Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995) (en banc). We also strike the $25 in administrative costs imposed without citing statutory authority. Sutton v. State, 635 So.2d 1032 (Fla. 2d DCA 1994). On remand, however, the state may seek to reimpose this cost provided the appropriate statutory authority is cited to support its assessment. Id.
Finally, we reverse the imposition of $700 in public defender fees as Stroud was not informed that he had the right to contest the amount of those fees. Bourque v. State, 595 So.2d 222 (Fla. 2d DCA 1992). On remand, the appellant shall have thirty days from the date of our mandate within which to file a written objection to the amount of the fees. If an objection is filed, the trial court shall strike the assessment and shall not impose a new assessment without first affording Stroud with notice and an opportunity to be heard pursuant to Florida Rule of Criminal Procedure 3.720(d)(1). Trice v. State, 655 So.2d 1270 (Fla. 2d DCA 1995).
*1057 Affirmed in part, reversed in part, and remanded for further proceedings.
CAMPBELL, A.C.J., and LAZZARA and QUINCE, JJ., concur.