PER CURIAM.
Jamal Erie Ford appeals his convictions and sentences for impersonating a police officer, robbery, and battery on an elderly person. Because there is no merit to his argument that improper prosecutorial comments vitiated his trial, we affirm his convictions. We strike certain cost items found in the written sentences.
The trial court erred in imposing a $2 cost pursuant to section 943.25(13), Florida Statutes (1993), without announcing the cost at sentencing. Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995). The trial court also erred in imposing $688 in court costs and a $433 cost/fine without providing any statutory authority. Sutton v. State, 635 So.2d 1032 (Fla. 2d DCA 1994). We strike these costs.
Finally, the trial court erred in ordering Mr. Ford to pay a $600 public defender fee without giving him an opportunity to contest the amount of the fee. See Bourque v. State, 595 So.2d 222 (Fla. 2d DCA 1992). Mr. Ford shall have thirty days from the date of the mandate to file a written objection to the amount of the fee. If Mr. Ford files an objection, the trial court shall strike the $600 assessment and may impose a new fee after providing Mr. Ford notice and a hearing pursuant to Florida Rule of Criminal Procedure 3.720(d)(1). See Bourque, 595 So.2d 222.
Affirmed as modified and remanded.
DANAHY, A.C.J., and ALTENBERND and FULMER, JJ., concur.