PER CURIAM.
The appellant, Reco Antonio Vickers, challenges the trial court’s judgments and sentences. We remand for correction of a score-sheet error and to strike a portion of a probation condition and certain costs imposed. In all other respects we affirm.
The appellant was charged with possession of cocaine (count I), in violation of section 893.13(6)(a), Florida Statutes (1993), driving while license is cancelled, suspended, or revoked (count II), in violation of section 322.34(1), Florida Statutes (Supp.1994), alteration of license plates (count III), in violation of section 320.061, Florida Statutes (1993), and false proof of insurance (count IV), in violation of section 316.646(4), Florida Statutes (1993). The appellant filed a motion to suppress the crack cocaine and the altered tag which were discovered by a police officer as a result of a traffic stop fo(r careless driving. The trial court denied the motion and the appellant subsequently entered a no contest plea reserving the right to appeal the denial of his motion to suppress. Pursuant to the plea agreement, the trial court withheld adjudication of guilt on count I and sentenced him to three years probation, adjudicated him guilty on count II and sentenced him to time served, and nolle prossed counts III and IV. A timely notice of appeal was filed.
We find no merit in the appellant’s contention that the trial court erred in denying his motion to suppress and, accordingly, affirm the trial court’s order denying the motion without further discussion. We do, however, find merit in the appellant’s contentions that the trial court erred in calculating his score-sheet and in imposing certain costs and a portion of a probation condition.
First, as the state concedes, the appellant’s scoresheet incorrectly reflects as additional offenses the charges which were nolle prossed by the trial court (counts III and IV). Because of this error, the total score-sheet points amounted to 17.0 instead of 16.6. Although this error does not affect the appellant’s sentence, the scoresheet should be corrected upon remand.
Second, with regard to costs, we strike the $255 and $270 imposed for the Court Improvement Fund since they are not authorized under any existing statute either as a fine or cost. Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995). We also strike the *976 $2 assessment to the Criminal Justice Education by Municipalities and Counties since that is a discretionary cost and the trial court did not orally pronounce it as required. Turner v. State, 666 So.2d 212 (Fla. 2d DCA 1995). The state may seek to reimpose that cost upon remand.
Next, we strike the $110 imposed for prosecution/investigative costs since, as conceded by the state, no request was made by the state attorney or any other agency nor did the trial court consider the appellant’s financial resources. Reyes, 655 So.2d at 119. On remand, the appropriate agency may seek to impose those costs if it complies with the procedures described in section 939.01, Florida Statutes (1993). Reyes.
Further, although the trial court correctly informed the appellant at the sentencing hearing that it was imposing a public defender lien of $500 and a $100 attorney cost and that the appellant could challenge the amount if he wished, there was no statutory authority recited in the written order as required. Williams v. State, 661 So.2d 1243 (Fla. 2d DCA 1995). This error may also be corrected on remand.
We also strike that portion of special probation condition (A) which provides that the appellant “pay for” random urinalysis, breathalyzer or blood tests since that portion was not orally pronounced at sentencing. Malone v. State, 652 So.2d 902 (Fla. 2d DCA 1995). The trial court, however, may not seek to reimpose that portion of the condition on remand. See Justice v. State, 674 So.2d 123 (Fla.1996).
Accordingly, we remand for correction of the above-mentioned sentencing errors and affirm in all other respects.
Affirmed as modified.
SCHOONOVER, A.C.J., and QUINCE and WHATLEY, JJ., concur.