PER CURIAM.
Edwin Jacobs appeals his convictions and sentences for fleeing to elude, reckless driving, driving with a suspended or revoked license, resisting an officer without violence, possession of a suspended driver’s license, and aggravated assault on a law enforcement officer. His attorney filed an Anders[1] brief that challenged Mr. Jacobs’ sentence for driving with a suspended license as the only issue with arguable merit. We reverse Mr. Jacobs’ sentence for driving with a suspended license because it exceeds the statutory maximum for a second-degree misdemeanor. §§ 322.34, 775.082(3), Fla. Stat. (1995).
On remand, the trial court must resen-tence him within the statutory maximum of 60 days’ imprisonment. Vickers v. State, 630 So.2d 1229 (Fla. 2d DCA 1994). We also strike the court costs imposed on each count because the trial court did not provide any statutory authority for these costs. See Sutton v. State, 635 So.2d 1032 (Fla. 2d DCA 1994). On remand, the court must provide statutory authority for each cost it reimposes.
Affirmed in part, reversed in part, and remanded with directions.
ALTENBERND, A.C.J., and LAZZARA and QUINCE, JJ., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).