DANAHY, Acting Chief Judge.
On this Anders[1] appeal from a revocation of probation, four issues are suggested by appellate counsel. We see no merit in the first and second issues, but we conclude that the third and fourth issues require reversal.
After searching the appellate record, we can find no written order revoking probation. Because the trial court failed to enter an order specifying which conditions of probation the appellant was found to have violated, we remand for the entry of a written order. Hillman v. State, 663 So.2d 671 (Fla. 2d DCA 1995).
At the probation revocation hearing, the trial court made no mention of the imposition of a public defender lien. In imposing such a lien, a trial court must advise the appellant of the statutory authority for its imposition, § 27.56, Fla. Stat. (1995), and the trial court must advise the appellant of his right to contest the amount of fees. See § 27.56(7), Fla. Stat. (1995); Fla. R.Crim. P. 3.720; Brown v. State, 506 So.2d 1068 (Fla. 2d DCA), review denied, 515 So.2d 229 (Fla.1987). Accordingly, we reverse the assessment of a public defender lien in the amount of $600.
On remand, the appellant shall be given thirty days from the date of the mandate to file a written objection to the amount of attorney’s fees imposed. If the appellant objects, the fees shall be stricken but may be reimposed based on the trial court’s findings following a fee hearing. Bourque v. State, 595 So.2d 222 (Fla. 2d DCA 1992).
Except as specified herein, we affirm.
CAMPBELL and LAZZARA, JJ., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).