DANAHY, Acting Chief Judge.
The appellant argues that the trial judge should have recused himself and that he er *366 roneously imposed a public defender lien of $500 and $100 in “costs.”
The appellant entered a negotiated plea to a county jail term of 364 days, reserving the right to appeal the denial of his motion to recuse. However, that ruling relates only to the voluntariness of the appellant’s plea. The' appellant has not preserved the issue for review by filing a motion to withdraw his plea. See Fla.R.App.P. 9.140(b)(2)(B)(iii).
Notwithstanding, we strike the $500 public defender lien and $100 in “costs.” A trial court may not impose an attorney’s fee without first advising the defendant of the statutory authority for its imposition and also advising the defendant of his right to contest the amount of the fees. See § 27.56, Fla. Stat. (1995); Fla.R.Crim.P. 3.720; Brown v. State, 506 So.2d 1068 (Fla. 2d DCA), review denied, 515 So.2d 229 (Fla.1987). Accordingly, we reverse the assessment of fees in the amount of $500.
On remand the attorney’s fees may be reimposed if the appellant is given thirty days from the date of the mandate to file a written objection to the amount of attorney’s fees imposed. If the appellant objects, the fees shall be stricken but may be reimposed based on the trial court’s findings following a fee hearing. Bourque v. State, 595 So.2d 222 (Fla. 2d DCA 1992).
We strike the costs in the amount of $100 because there is no statutory citation for the assessment contained in the appellant’s sentence. See Smith v. State, 686 So.2d 8 (Fla. 2d DCA 1996). However, the costs may be reimposed with reference to the appropriate statutory authority. Allen v. State, 692 So.2d 970 (Fla. 2d DCA 1997).
Except as specified herein, the appellant’s judgment and sentence are affirmed.
CAMPBELL and LAZZARA, JJ., concur.