806 So.2d 610 (2002)
I.B., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-4497.
District Court of Appeal of Florida, Fourth District.
February 6, 2002.
*611 Carey Haughwout, Public Defender, and Margaret Good-Earnest, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Thomas C. Mielke, Assistant Attorney General, Fort Lauderdale, for appellee.
PER CURIAM.
I.B.'s delinquency adjudication on the offenses of burglary of a dwelling and petit theft are affirmed. The disposition order, however, is reversed for modification.
Special conditions of probation that are not explicitly authorized by chapter 985, Florida Statutes, or do not involve conduct prohibited by some other statute must be orally pronounced. C.C.B. v. State, 782 So.2d 473, 476 (Fla. 4th DCA 2001). It is undisputed that the order includes four conditions of after care that should be stricken because they were not orally pronounced at the disposition hearing and not authorized by statute: a proscription against certain associations, an apology letter, no contact with victim, and discretion of counselor to take away activities. Further, the weapons prohibition should be modified to only restrict the possession of firearms, electric weapons, or concealed weapons. See § 790.23, Fla. Stat. (1999).
We find no error or abuse of discretion as to the requirement to follow the recommendations of the Juvenile Assessment Center on page two of the pre-disposition report, to participate in counseling and testing, and to comply with program directives. This provision is valid because it is in furtherance of the rehabilitative component outlined in section 985.231, Florida Statutes. See C.C.B., 782 So.2d at 477 (holding that similar provision did not have to be orally pronounced because it was in furtherance of rehabilitative component of statute); § 985.231(1)(a), Fla. Stat. (1999). Finally, a separate disposition order for each of the two offenses is required. See B.H. v. State, 721 So.2d 1200 (Fla. 4th DCA 1998).
We, therefore, remand for modification on re-sentencing.
With respect to costs incurred, the record reflects that I.B. did have notice and an opportunity to be heard. State v. Beasley, 580 So.2d 139 (Fla.1991). Further, the record clearly reflects that the court stated the amount and basis for the statutorily authorized public defender fees and costs imposed. Although we recognize that this point is a minor one, we note conflict with R.T.D. v. State, 679 So.2d 1263 (Fla. 2d *612 DCA 1996), and Sutton v. State, 635 So.2d 1032 (Fla. 2d DCA 1994), for the reasons stated in the concurring opinion.
STONE and HAZOURI, JJ., concur.
GROSS, J., concurs specially with opinion.
GROSS, J., concurring specially.
I concur with the majority and write to explain why we have departed from the second district and do not impose the requirement that the statutory authority for certain costs be specified in the disposition order.
This is not a point of earth shattering ramifications. It is interesting because it highlights a common glitch that unintentionally changes the law in Florida, often for the worse. The glitch usually arises in short appellate opinions.
Trial courts are busy places. Appellate courts should rarely impose mandatory requirements for sentencing orders that are not imposed by a statute. To do so is to increase the likelihood of reversible error. It is important that there be a legal basis for an aspect of a disposition order significant enough to support a reversal if it is omitted.
Here, no one was confused or misled about the costs at issue, even though the preprinted form did not contain the numerical statutory citation.
The trial court imposed public defender's fees and costs authorized by section 938.29, Florida Statutes (2000). The defendant in this case was afforded notice of the fees and an opportunity to be heard prior to their imposition. The disposition order imposed fees of $115.00, but did not reference a specific statute. The preprinted form described the fees as "public/special public defender fees."
Appellant relies on R.T.D. v. State, 679 So.2d 1263, 1264 (Fla. 2d DCA 1996), which held that to impose $75 as a public defender fee, a delinquency disposition order was required to cite the "specific statutes authorizing the costs."
Beginning with the cases cited as authority in R.T.D. and backtracking to their source reveals no support for the legal principle the case announced. Rather, R.T.D. demonstrates how short opinions can spontaneously generate a legal requirement which, when once stated in an opinion, develops a life of its own.
R.T.D. cites to Williams v. State, 661 So.2d 1243 (Fla. 2d DCA 1995), and Sutton v. State, 635 So.2d 1032 (Fla. 2d DCA 1994). Williams relies completely on Sutton, which holds that for statutorily mandated court costs, "the record must contain a citation to the proper statutory authority supporting the assessment of such costs." Sutton, 635 So.2d at 1033.
Sutton cites to Brown v. State, 506 So.2d 1068, 1068 (Fla. 2d DCA 1987), a case where the trial court imposed $1,000 in costs without prior notice and without citing "proper statutory authority for assessing the $1,000 costs." It appears that one problem in Brown was how to allocate the $1,000 in costs. That is not an issue in this case, where the disposition order assessed $50.00 for the Crimes Compensation Trust Fund and $115.00 for "public/special public defender fees."
Brown cites to Allen v. State, 508 So.2d 360 (Fla. 2d DCA 1987), where no prior notice was given to the defendant of the assessment of costs of prosecution under section 939.01, Florida Statutes (1985). The Allen defendant was also sentenced to pay a "contribution to court improvement fund in sum of $250." 508 So.2d at 360. Since the authority for imposing a cost for a "court improvement fund" was unclear, the second district struck this condition, *613 since the state "offered no authority for requiring" such a contribution. Id.
Allen is thus a case where the court disallowed a required payment because there was no authority for the trial court to impose it. Brown cited Allen for a related propositiona court cannot willy nilly assess $1,000 in costs in a criminal case; it must specify what the costs are for and have the legal authority to impose them. The order in this case does not run afoul of Brown and Allen, since it identifies and breaks down the costs and the court had the statutory authority to impose them.
Sutton effected a change in the law when it morphed Brown into the holding that "the record must contain a citation to the proper statutory authority supporting the assessment." Sutton, 635 So.2d at 1033. In Brown, there were substantial questions about what costs the court imposed and whether the court had authority to assess them. The requirement that the trial court identify its statutory authority went to the issue of the court's power to impose the costs.
In Sutton, there was neither a question about what costs the court imposed nor the statutes that authorized them. 635 So.2d at 1033 n. 2. Nonetheless, the court imposed the technical requirement that the record "contain a citation to the proper statutory authority." Id. at 1033. This extension of the law imposed a technical requirement beyond that required in any statute.
For these reasons, we have declined to follow R.T.D.