GROSS, J.,
concurring specially.
I concur with the majority and write to explain why we have departed from the second district and do not impose the requirement that the statutory authority for certain costs be specified in the disposition order.
This is not a point of earth shattering ramifications. It is interesting because it highlights a common glitch that unintentionally changes the law in Florida, often for the worse. The glitch usually arises in short appellate opinions.
Trial courts are busy places. Appellate courts should rarely impose mandatory requirements for sentencing orders that are not imposed by a statute. To do so is to increase the likelihood of reversible error. It is important that there be a legal basis for an aspect of a disposition order significant enough to support a reversal if it is omitted.
Here, no one was confused or misled about the costs at issue, even though the preprinted form did not contain the numerical statutory citation.
The trial court imposed public defender’s fees and costs authorized by section 938.29, Florida Statutes (2000). The defendant in this case was afforded notice of the fees and an opportunity to be heard prior to their imposition. The disposition order imposed fees of $115.00, but did not reference a specific statute. The preprint-ed form described the fees as “public/special public defender fees.”
Appellant relies on R.T.D. v. State, 679 So.2d 1263, 1264 (Fla. 2d DCA 1996), which held that to impose $75 as a public defender fee, a delinquency disposition order was required to cite the “specific statutes authorizing the costs.”
Beginning with the cases cited as authority in R.T.D. and backtracking to their source reveals no support for the legal principle the case announced. Rather, R.T.D. demonstrates how short opinions can spontaneously generate a legal requirement which, when once stated in an opinion, develops a life of its own.
R.T.D. cites to Williams v. State, 661 So.2d 1243 (Fla. 2d DCA 1995), and Sutton v. State, 635 So.2d 1032 (Fla. 2d DCA 1994). Williams relies completely on Sutton, which holds that for statutorily mandated court costs, “the record must contain a citation to the proper statutory authority supporting the assessment of such costs.” Sutton, 635 So.2d at 1033.
Sutton cites to Brown v. State, 506 So.2d 1068, 1068 (Fla. 2d DCA 1987), a case where the trial court imposed $1,000 in costs without prior notice and without citing “proper statutory authority for assessing the $1,000 costs.” It appears that one problem in Brown was how to allocate the $1,000 in costs. That is not an issue in this case, where the disposition order assessed $50.00 for the Crimes Compensation Trust Fund and $115.00 for “public/special public defender fees.”
Brown cites to Allen v. State, 508 So.2d 360 (Fla. 2d DCA 1987), where no prior notice was given to the defendant of the assessment of costs of prosecution under section 939.01, Florida Statutes (1985). The Allen defendant was also sentenced to pay a “contribution to court improvement fund in sum of $250.” 508 So.2d at 360. Since the authority for imposing a cost for a “court improvement fund” was unclear, the second district struck this condition, *613 since the state “offered no authority for requiring” such a contribution. Id.
Allen is thus a case where the court disallowed a required payment because there was no authority for the trial court to impose it. Brown cited Allen for a related proposition — a court cannot willy nilly assess $1,000 in costs in a criminal case; it must specify what the costs are for and have the legal authority to impose them. The order in this case does not run afoul of Brown and Allen, since it identifies and breaks down the costs and the court had the statutory authority to impose them.
Sutton effected a change in the law when it morphed Brown into the holding that “the record must contain a citation to the proper statutory authority supporting the assessment.” Sutton, 635 So.2d at 1033. In Brown, there were substantial questions about what costs the court imposed and whether the court had authority to assess them. The requirement that the trial court identify its statutory authority went to the issue of the court’s power to impose the costs.
In Sutton, there was neither a question about what costs the court imposed nor the statutes that authorized them. 635 So.2d at 1033 n. 2. Nonetheless, the court imposed the technical requirement that the record “contain a citation to the proper statutory authority.” Id. at 1033. This extension of the law imposed a technical requirement beyond that required in any statute.
For these reasons, we have declined to follow R.T.D.