CLARK, J.
Kimberly Hills challenges her convictions under section 893.13, Florida Statutes and the costs for the state attorney imposed by the trial court pursuant to section 938.27(8), Florida Statutes (2010). We affirm the convictions and reject Hills’ challenge to the constitutionality of section 893.13. Flagg v. State, 74 So.3d 138 (Fla. 1st DCA 2011). Under the circumstances of this case, we also affirm the imposition of the $100.00 mandatory minimum costs under section 938.27(8).
Appellant entered pleas in cases numbered 2010 CF 580 and 2010 CF 3371. At the plea and sentencing hearing, defense counsel acknowledged the “cost of prosecu *928 tion of $100” in her description of the plea agreement and agreed-upon sentence. Accordingly, while it is undisputed that the record contains no written or oral request by the state for the costs for the state attorney, clearly both parties were aware of the statutory mandatory minimum costs described in section 938.27(8), Florida Statutes.
The written sentences in both of Appellant’s cases contained several scrivener’s errors and Appellant raised these errors in her motions to correct sentence under rule 3.800(2)(b), Florida Rules of Criminal Procedure. She preserved her challenge to the $100 court costs via these motions, and the trial court granted all the relief requested to correct the sentences except the $100 costs for the state attorney.
Appellant seeks reversal of the $100 in state attorney costs under the language of section 938.27(1), which imposes liability upon all convicted persons for “the costs of prosecution, including investigative costs incurred by law enforcement agencies ... if requested by such agencies.” Historically, imposition of “costs of prosecution” was discretionary and therefore required a request by the state, on the record, to survive appeal. See James v. State, 662 So.2d 995 (Fla. 2d DCA 1995) (reversing costs of prosecution absent record request under predecessor section 939.01, Fla. Stat.). This requirement remained after the 2003 amendment to the statute. See Brown v. State, 963 So.2d 342 (Fla. 2d DCA 2007) (applying § 938.27(1), Fla. Stat. (2004)). Under the 2007 version of section 938.27, the state conceded error in Del Valle v. State, 26 So.3d 650 (Fla. 2d DCA 2010), where the trial court imposed prosecution costs “because the costs were not requested or announced at sentencing and no documentation was presented supporting the costs.” 26 So.3d at 651. However, the Second District Court of Appeal noted that section 938.27(1) “was amended in 2008 to no longer require such costs to be documented.” Del Valle v. State, 26 So.3d at n. 1.
The 2008 amendments to section 938.27(8) created mandatory minimum costs for the state attorney and removed the trial court’s discretion to impose these costs. The mandatory nature of the $100 “costs of the state attorney” under section 938.27(8) was recognized in Maestas v. State, 76 So.3d 991 (Fla. 4th DCA 2011), where the trial court’s imposition of the $100 prosecution cost was affirmed despite the court’s failure to orally pronounce it in open court. Trial courts are now required to impose the costs of prosecution and investigation “notwithstanding defendant’s present ability to pay” and required to impose the costs of prosecution “in every judgment rendered against the convicted person.” Ch. 2008-111, § 44, Laws of Fla.; § 938.27(1) & (2)(a), Fla. Stat. (2010).
Because section 938.27(8) does not pertain to “investigative costs” of law enforcement agencies such as the Sheriffs Office, the requirement that such costs be requested on the record and subjected to argument regarding the amount remains. See Parker v. State, 44 So.3d 1190 (Fla. 1st DCA 2010); Vaughn v. State, 65 So.3d 138 (Fla. 1st DCA 2011). However, the mandatory provisions of section 938.27(8) and the other amendments restricting the trial judge’s discretion have negated any reason to require the state attorney to request the minimum costs for the state attorney. In this case, where the parties negotiated a plea and defense counsel acknowledged the mandatory costs for the state attorney in her description to the court of the bargain, the trial court did not commit error by imposing the $100 statutory minimum costs under section 938.27(8), Florida Statutes (2010) without a request from the state on the record and did not err by denying relief from these costs in Appel *929 lant’s motion to correct sentencing error under rule 3.800(2)(b), Florida Rules of Criminal Procedure.
AFFIRMED.
ROBERTS and SWANSON, JJ„ concur.