# Supreme Court of Florida

_____

No. SC2023-1355
_____

**JOURDAN DANIEL PARKS,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

June 12, 2025

CANADY, J.

In this case we consider whether certain minimum costs required by statute to be imposed on persons convicted of crimes may be imposed only when requested by the State. The costs in question are "[c]osts for the state attorney," which section 938.27(8), Florida Statutes (2019), provides "must be set in all cases at no less than $50 per case when a misdemeanor or criminal traffic offense is charged" and "$100 per case when a felony offense is charged."

In the decision now on review, *Parks v. State*, 371 So. 3d 392 (Fla. 1st DCA 2023), the First District Court of Appeal held that the minimum costs for the state attorney—as costs mandated by section 938.27(8)—could be imposed without a request by the State. *Id.* at 393. We accepted jurisdiction based on express and direct conflict with the decision of the Second District Court of Appeal in *D.L.J. v. State*, 331 So. 3d 227 (Fla. 2d DCA 2021), which—without considering section 938.27(8)—held that a request by the State for costs for the state attorney was required by another provision of the same statute—section 938.27(1), Florida Statutes (2019)—related to certain costs of prosecution. *Id.* at 228. Because we conclude that the unequivocal, specific direction of section 938.27(8) is controlling, we approve *Parks* and disapprove *D.L.J.*[1]

## I.

The pertinent statutory provisions are subsections (1) and (8) of section 938.27, Florida Statutes (2019). In relevant part, subsection (1) provides that

> convicted persons are liable for payment of the costs of prosecution, including investigative costs incurred by law

---

1. We have jurisdiction. *See* art. V, § 3(b)(3), Fla. Const.

- 2 -

enforcement agencies, by fire departments for arson investigations, and by investigations of the Department of Financial Services or the Office of Financial Regulation of the Financial Services Commission, if requested by such agencies.

Subsection (1) thus generally imposes upon convicted persons "the costs of prosecution, including investigative costs," under certain circumstances. By its plain terms, subsection (1) does not require imposition of any minimum costs or use the specific phrase "[c]osts for the state attorney."

Subsection (8), on the other hand, does both of those things. Namely, subsection (8) states in part:

> Costs for the state attorney must be set in all cases at no less than $50 per case when a misdemeanor or criminal traffic offense is charged and no less than $100 per case when a felony offense is charged, including a proceeding in which the underlying offense is a violation of probation or community control. The court may set a higher amount upon a showing of sufficient proof of higher costs incurred.

Subsection (8) thus requires the court to impose $50 or $100 in minimum "[c]osts for the state attorney . . . in all cases," depending on the offense charged. And subsection (8) authorizes the court to impose more than the minimum amount "upon a showing of sufficient proof of higher costs incurred." In other words, a showing

of proof is required only if the amount of costs imposed exceeds the minimum amount.

The language in subsection (8) requiring imposition of the minimum "[c]osts for the state attorney" was not always part of the statute. Rather, the Legislature enacted that language in 2008. *See* ch. 2008-111, § 44, Laws of Fla. Immediately prior to the 2008 amendments, subsection (8) merely addressed where "[c]osts that are collected by the state attorney" are to be deposited and how they are "to be used." § 938.27(8), Fla. Stat. (2007). In short, the 2008 amendments changed the operation of the statute in a manner that directly relates to the issue in this case.

## II.

Petitioner Jourdan Parks "was adjudicated guilty of five charges" and "duly sentenced as a habitual felony offender to 25 years in prison." *Parks*, 371 So. 3d at 393. The trial court also "assessed [certain] costs and fines, including the minimum $100 state attorney cost of prosecution assessed per § 938.27(8)." *Id.* The trial court imposed this cost even though "[t]he State did not expressly request" it. *Id.*

Petitioner then moved to correct alleged sentencing errors, including the $100 cost for the state attorney. That cost, Petitioner argued, was prohibited by subsection (1) of section 938.27 with its provision regarding the assessment of certain costs "if requested." Petitioner relied largely on *Brown v. State*, 348 So. 3d 31 (Fla. 1st DCA 2022), and *Richards v. State*, 288 So. 3d 574 (Fla. 2020).

In *Brown*, the First District issued an order striking an *Anders*[2] brief and allowing defense counsel to file a motion seeking relief from certain "sentencing errors," including an "unaccounted-for sum of $82 in court costs." 348 So. 3d at 32-33. At one point, *Brown* opined that the $82 in unidentified costs could not have been imposed under section 938.27. *Id.* at 33. But *Brown* undertook no analysis of the text of the statute. *Brown* simply reasoned that "[u]nder section 938.27, . . . the State is required to request [the minimum] costs . . . and the State is further required to demonstrate a factual basis for assessing costs above the $50 minimum," neither of which the State did. *Id.* In so reasoning, *Brown* cited this Court's decision in *Richards* for the proposition

_____

2. *Anders v. California*, 386 U.S. 738 (1967).

- 5 -

"that the State is required to ask a trial court to assess prosecution costs." *Id.* (citing *Richards*, 288 So. 3d at 576).

In *Richards*, the trial court ordered the defendant "to pay $150 in *investigative costs* to the Daytona Beach Shores Police Department" even though the State never requested those costs. 288 So. 3d at 575 (emphasis added). The issue this Court addressed was "whether the State, on remand, [could] request [those] investigative costs pursuant to section 938.27(1)." *Id.* In answering in the negative, *Richards* at one point unremarkably stated that "[s]ection 938.27(1) requires that the State request *investigative costs* before a trial court can impose them." *Id.* at 576 (emphasis added). Because *Richards* involved investigative costs of a local police department rather than costs for the state attorney, *Richards* unsurprisingly never mentioned subsection (8) of the statute.

In any event, the trial court here rejected Petitioner's reliance on *Brown* and *Richards*, ruling that the $100 minimum cost for the state attorney was properly imposed. The trial court recognized subsection (1) of section 938.27 but looked to the "[n]otabl[e]" 2008 amendment to "subsection (8) that mandates costs of

prosecution . . . of $100.00 in felony cases." The trial court concluded that its decision was "controll[ed]" not by the First District's order in *Brown* but by the First District's decision in *Hills v. State*, 90 So. 3d 927 (Fla. 1st DCA 2012), which held that "[t]he 2008 amendments to section 938.27(8) created mandatory minimum costs for the state attorney and removed the trial court's discretion to impose these costs." *Id.* at 928. The trial court "recognize[d]" that the Second District in *D.L.J.* had "recently determined that the cost of prosecution may not be imposed unless requested by the Office of the State Attorney." But the trial court concluded "that the mandatory nature of the cost of prosecution [was] clearly explained by statute and by the holding of *Hills.*"

On appeal to the First District, Petitioner again cited *Brown* and *Richards*, but this time also attempted to advance an argument based on the statutory text. Namely, Petitioner argued that when subsections (1) and (8) are "read together," they "require that the State attorney request[] the cost of prosecution, and set[] the amount at no less than $50 for a misdemeanor and $100 for a felony." The State countered that "the lower court was required by section 9[38].27(8) to assess the minimum cost of prosecution" even

in the absence of a request. The State explained why *Hills* controlled over *Brown*, given *Brown*'s "interlocutory, non-dispositive nature." And the State distinguished *Richards* on the ground that it "addressed the assessment of investigative costs"—not costs for the state attorney.

The First District affirmed, holding that "the cost for the state attorney is a minimum cost that is mandated by subsection (8) and not an 'investigative' cost incurred by an agency, as described in § 938.27(1), which can only be imposed 'if requested' by the agency." *Parks*, 371 So. 3d at 392-93 (quoting § 938.27(1), Fla. Stat.). Viewing subsections (1) and (8) together, the First District explained that "[i]n setting forth the minimum mandatory state attorney cost, subsection (8) does not include a request requirement like the one applicable to agency-investigative costs in subsection (1)." *Id.* at 393. The First District thus held "that the . . . minimum cost for the state attorney is mandatory under § 938.27(8) and need not be requested by the State." *Id.* Lastly, the First District recognized the Second District's divergent decision in *D.L.J.* but did not certify conflict.

- 8 -

In *D.L.J.*, the Second District held in part that "the imposition of a $100 cost of prosecution," which "the State did not specifically request," "was imposed in error and must be stricken." 331 So. 3d at 228. Citing solely subsection (1) of section 938.27, the Second District adhered to its precedents that "held that the [express request] requirement applies to the [State Attorney's Office] as well." *Id.* (citing *Vandawalker v. State*, 310 So. 3d 483 (Fla. 2d DCA 2020); *Davis v. State*, 286 So. 3d 898, 899 (Fla. 2d DCA 2019); *Mercado v. State*, 304 So. 3d 786 (Fla. 2d DCA 2018)). Those cited precedents, like *D.L.J.* itself, do not mention subsection (8) of the statute.

## III.

The conflict issue is whether the minimum "[c]osts for the state attorney" set forth in section 938.27(8) may be imposed without a request by the State. This issue presents a discrete question of statutory interpretation. Our review is thus de novo. *See Tomlinson v. State*, 369 So. 3d 1142, 1146 (Fla. 2023).

As outlined above, this case turns on the interplay between subsections (1) and (8) of section 938.27. Taken together, the statutory texts—set forth earlier in this opinion—lead to the conclusion that the minimum costs for the state attorney must be

- 9 -

imposed by the trial court even in the absence of a request by the State. We thus approve *Parks*, which reached that conclusion after properly considering the entire statutory text. And we disapprove *D.L.J.*, which reached the opposite conclusion.

*D.L.J.* violates the cardinal rule of statutory interpretation that a portion of a legislative enactment may not be interpreted in isolation from the other provisions of the same enactment. *See Lab'y Corp. of Am. v. Davis*, 339 So. 3d 318, 324 (Fla. 2022) ("Under the whole-text canon, proper interpretation [of statutory text] requires consideration of 'the entire text, in view of its structure and of the physical and logical relation of its many parts.'" (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 167 (2012))). *D.L.J.* likewise fails to adhere to the corollary canon requiring various portions of an enactment to be read—to the extent that it is reasonably possible—in a manner that produces a harmonious whole. *See Tsuji v. Fleet*, 366 So. 3d 1020, 1025 (Fla. 2023) ("[I]n cases that task us with interpreting multiple [statutory] provisions, where possible, we 'must give full effect to *all* statutory provisions and construe related statutory provisions in

harmony with one another.' " (quoting *Forsythe v. Longboat Key Beach Erosion Control Dist.*, 604 So. 2d 452, 455 (Fla. 1992))).

In short, whether subsection (1) standing alone could properly be understood to apply to "[c]osts for the state attorney" and to require that such costs be requested by the State is ultimately beside the point. Subsection (1) cannot be considered standing alone. It must be understood in the context of the whole statute, most particularly subsection (8), which unequivocally singles out "[c]osts for the state attorney"—a phrase used nowhere else in the statute—with a mandatory requirement that does not apply to other costs. That specific mandate of subsection (8)—which contains no requirement for a request by the State—controls over any general language that might be understood to point in a different direction. *See Bank of New York Mellon v. Glenville*, 252 So. 3d 1120, 1129 (Fla. 2018) ("[A] specific statute covering a particular subject area always controls over a statute covering the same and other subjects in more general terms." (quoting *McKendry v. State*, 641 So. 2d 45, 46 (Fla. 1994))).

*D.L.J.* adopts an interpretation—which Petitioner argues is correct—that does not give due attention to the provisions of

subsection (8). That interpretation is consistent with versions of the statute that existed before the enactment in 2008 of the amendments adopting subsection (8)'s requirement that "[c]osts for the state attorney [must] be set in all cases at . . . no less than $100 per case when a felony offense is charged." *See* ch. 2008-111, § 44, Laws of Fla. Under the prior law, "imposition of 'costs of prosecution' was discretionary and therefore required a request by the state, on the record." *Hills*, 90 So. 3d at 928 (citing *James v. State*, 662 So. 2d 995 (Fla. 2d DCA 1995)). The statutory provision then governing the award of such costs of prosecution required no minimum amount to be imposed for any element of such costs, and proof—that would necessarily follow a request by the State—was therefore required to establish costs in any amount. *See* § 939.01, Fla. Stat. (1993). That version of the statute granted the court discretion—to be exercised in accord with specified factors—in determining "whether to order costs and the amount of such costs." § 939.01(5), Fla. Stat. (1993). In the context of those statutory provisions, a request by the State was obviously necessary to provide the predicate for the award of all costs of prosecution.

But the current version of the law changes the statutory scheme in a fundamental way by requiring the award of a minimum amount of "[c]osts for the state attorney"—costs that "must be set in all cases" in a minimum amount based on whether the offense is a misdemeanor ($50) or a felony ($100). These mandatory minimum costs by their very nature are not discretionary. And there is no need for proof to support the award of the mandatory minimum amount of costs. (An award that exceeds the mandatory minimum amount, of course, requires "sufficient proof of higher costs incurred." § 938.27(8), Fla. Stat.)

Because the State carries no burden of proof regarding the minimum costs, requiring that the State request those costs is unnecessary. Indeed, requiring a request for a set amount would undermine the legislative choice to treat minimum costs for the state attorney—the subject of subsection (8)—differently than the investigative costs that are the subject of subsection (1). Such a request by the State may serve as a helpful reminder to the sentencing judge of the duty imposed on the judge by law, but no prejudice comes to the defendant from the absence of a request by the State.

It is axiomatic that costs not mandated in a minimum amount set by statute will have to be requested—and established—by the State. Because they must be proven, they must be requested. (The phrase in subsection (1) "if requested by such agencies" thus simply signals a recognition that costs that must be proven must be requested.) In contrast—absent legislative direction to the contrary—costs in a set amount mandated by law need not be requested by the State. Because they need not be proven, they need not be requested.

The Second District's precedents to which *D.L.J.* adhered (*Vandawalker*, *Davis*, and *Mercado*) all relate back to and erroneously rely on a First District decision, one that—like this Court's decision in *Richards*—had nothing to do with costs for the state attorney and instead involved "investigative costs" incurred by a law enforcement agency. *See Mercado*, 304 So. 3d at 786 (relying on *Thomas v. State*, 236 So. 3d 1159, 1161 (Fla. 1st DCA 2018)); *Davis*, 286 So. 3d at 899 (relying on *Mercado*); *Vandawalker*, 310 So. 3d at 483 (relying on *Davis*). *D.L.J.* carried forward that erroneous reliance on *Thomas*.

## IV.

We conclude that the minimum "[c]osts for the state attorney" mandated by section 938.27(8) must be imposed by the trial court even in the absence of a request by the State. We thus approve the decision of the First District in *Parks* and disapprove the decision of the Second District in *D.L.J.*

It is so ordered.

MUÑIZ, C.J., and LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal Direct Conflict of Decisions

First District - Case No. 1D2022-1566

(Bay County)

Jessica J. Yeary, Public Defender, Kathryn Lane, Assistant Public Defender, and Lori A. Willner, Assistant Public Defender, Second Judicial Circuit, Tallahassee, Florida,

for Petitioner

James Uthmeier, Attorney General, Trisha Meggs Pate, Bureau Chief, and Julian E. Markham, Assistant Attorney General, Tallahassee, Florida,

for Respondent