667 So.2d 1028 (1996)
Ray Anthony HALYARD, Sr., Appellant,
v.
STATE of Florida, Appellee.
No. 94-03708.
District Court of Appeal of Florida, Second District.
February 16, 1996.
James Marion Moorman, Public Defender, and Douglas Chanco, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
The appellant, Ray Anthony Halyard, Sr., challenges the trial court's imposition of a public defender's lien. We reverse.
The appellant was charged with aggravated battery causing great bodily harm and using a deadly weapon (count I), aggravated battery using a deadly weapon (count II), and criminal mischief (count III), in violation of sections 784.045 and 806.13(1)(b)(1), Florida Statutes (1993). The appellant was found guilty by a jury as to the lesser included crimes of aggravated battery with great bodily harm (count I) and battery (count II), and not guilty as to count III. The trial court subsequently adjudicated the appellant guilty of the above crimes and sentenced him to 4.4 years in prison for count I, to time served for count II, and to a public defender's lien of $1750. The appellant timely filed a notice of appeal.
The appellant does not challenge the judgments and sentences imposed upon him and we, accordingly, affirm them without further discussion. The appellant does contend, however, and the state concedes, that the trial court erred in imposing a public defender's lien since the appellant was not given notice and an opportunity to be heard. We agree.
At the sentencing hearing, which was held at the end of the trial, the appellant's attorney moved for a public defender's lien of *1029 $1750. The trial court then assessed a lien for that amount without advising the appellant of his right to a hearing to contest the proposed amount as required pursuant to Florida Rule of Criminal Procedure 3.720(d)(1). Bourque v. State, 595 So.2d 222 (Fla. 2d DCA 1992). Since the trial court failed to advise the appellant of his right to a hearing to contest the amount of the lien we must reverse. On remand, the appellant shall have thirty days from the date of this mandate within which to file a written objection to the amount of the lien and if an objection is filed, the assessment shall be stricken and a new assessment shall not be imposed without notice and a hearing pursuant to rule 3.720(d)(1). Sandefur v. State, 660 So.2d 1183 (Fla. 2d DCA 1995).
Affirmed in part, reversed in part, and remanded with instructions.
SCHOONOVER, A.C.J., and FRANK and PARKER, JJ., concur.