672 So.2d 66 (1996)
Juan M. HERNANDEZ, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 93-01864.
District Court of Appeal of Florida, Second District.
April 17, 1996.
Mark Wolfe, Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
Juan M. Hernandez, Jr., appeals his sentence imposed upon revocation of probation. We reverse and remand for resentencing because the trial court incorrectly assumed that a youthful offender could receive a 6-year sentence following a violation of community control without regard to the guidelines scoresheet.
In 1992, the state charged Mr. Hernandez with discharging a firearm from a vehicle, a second-degree felony, and with three third-degree felonies. He pleaded guilty and was placed on community control as a youthful offender.
Thereafter, he violated community control and was resentenced in April 1993. Including a one-cell bump for the violation of community control, the maximum permitted guidelines sentence was 3½ years' incarceration. The trial court sentenced Mr. Hernandez to 6 years' incarceration for the second-degree felony and to concurrent 5-year sentences for the third-degree felonies. The trial court provided no reason for the departure, believing that a youthful offender could *67 be sentenced to 6 years' incarceration without regard to the sentencing guidelines.
We conclude that section 958.14, Florida Statutes (1991), which explains the sentencing options available when a youthful offender violates community control or probation, must be read in conjunction with section 958.04(3), which provides that a sentence greater than permitted under the guidelines must be supported by written reasons. A sentence imposed on violation of community control that is a departure from the guidelines must be supported by written reasons. State v. Betancourt, 552 So.2d 1107 (Fla. 1989). Because the trial court did not realize that Mr. Hernandez's sentence was a departure from the guidelines, it is not restricted to resentence within the guidelines on remand. Betancourt, 552 So.2d at 1108.
Reversed and remanded for resentencing.
PARKER, A.C.J., and WHATLEY, JJ., concur.