677 So.2d 393 (1996)
Patrick WALDRON, Appellant,
v.
STATE of Florida, Appellee.
No. 95-00315.
District Court of Appeal of Florida, Second District.
July 24, 1996.
*394 James Marion Moorman, Public Defender, and Douglas Chanco, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Johnny T. Salgado, Assistant Attorney General, Tampa, for Appellee.
CAMPBELL, Acting Chief Judge.
Appellant challenges his conviction and sentence for robbery with a firearm. Although appellant raises three issues, we have found merit in only one, the imposition of a public defender lien without properly notifying appellant of his right to a hearing to contest the amount of the lien. Accordingly, we vacate the public defender lien and remand for its proper reimposition.
Under Bull v. State, 548 So.2d 1103 (Fla.1989), the court is required to give appellant notice of his right to a hearing to contest the amount of the lien at the time of sentence. See also Fla.R.Crim.P. 3.720(d)(1); Wilson v. State, 675 So.2d 613 (Fla. 2d DCA 1996). The court here merely announced the $1,500 public defender lien and said no more about it. Under Bull, this was error, requiring us to vacate the imposition of the lien and remand for proper reimposition.
On remand, appellant will have thirty days from the date of this court's mandate to file a written objection to the amount assessed for public defender fees. Bourque v. State, 595 So.2d 222 (Fla. 2d DCA 1992). If an objection is filed, the trial court shall strike the current assessment and shall not impose a new one without proper notice and a hearing. Id.; Pettway v. State, ___ So.2d ___, 21 Fla. L. Weekly D1526 (Fla. 2d DCA June 26, 1996). See also Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995); Farmer v. State, 617 So.2d 447 (Fla. 2d DCA 1993).
We affirm the judgment in all other respects.
BLUE and QUINCE, JJ., concur.