694 So.2d 838 (1997)
Vashaun SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 95-03779.
District Court of Appeal of Florida, Second District.
May 28, 1997.
*839 James Marion Moorman, Public Defender, and Cynthia J. Dodge, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert J. Krauss, Senior Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
Vashaun Smith's counsel filed an Anders[1] brief, contending that he could find no meritorious grounds to support this appeal. After reviewing the record and the brief filed in this cause, we agree in part with the appellant's counsel. We affirm appellant's conviction and sentence, but strike certain discretionary costs and remand for further proceedings with respect to mandatory costs and the public defender's lien.
At sentencing, the trial court announced $300 in state-mandated costs and a fine, and set the fine to be "anything in excess of state-mandated costs." The judgment itemizes mandatory costs of $20 pursuant to section 960.20, Florida Statutes (1995), and $3 pursuant to section 943.25(3), Florida Statutes (1995), and a discretionary cost of $2 pursuant to section 943.25(13). The judgment also assesses $269.75 in lump sum costs without statutory authority; however, the disposition memorandum reflects a $5 fine and $295 in costs.
The mandatory costs of $20 and $3 may be imposed without pronouncement, and we affirm those items. Reyes v. State, 655 So.2d 111, 116 (Fla. 2d DCA 1995). We strike the $2 cost because its imposition is discretionary and must be announced by the trial court at sentencing. 655 So.2d at 116. Section 27.3455(1), Florida Statutes (1995), provides for a mandatory cost for felony convictions of $200. Although the line on the judgment that imposes this cost is not checked, it apparently accounts for $200 of the $295 "state-mandated costs" assessment. The court is not obligated to announce orally the dollar amount of mandatory costs or to separately identify the legal basis for them at the sentencing hearing, although it is the better practice to do so. 655 So.2d at 117. Thus, we affirm this $200 cost; however, we remand so that the trial court can itemize this cost by citation to section 27.3455(1). Based upon the limited record, we cannot otherwise identify those costs which make up the difference between the mandatory costs of $223 and the $295 in costs imposed by the court. We, therefore, strike costs of $72. On remand, the State may seek to reimpose appropriate costs.
The trial court asked and the appellant agreed that $300 was a reasonable public defender's fee. But the court improperly assessed the fee and imposed a lien to secure it because the court did not recite, nor did the record reflect the statutory authority for its imposition, section 27.56, Florida Statutes (1995). The court also failed to advise the appellant of his right to contest the amount of the lien under Florida Rule of Criminal Procedure 3.720(d)(1). See S.D. v. State, 687 So.2d 948 (Fla. 2d DCA 1997); Halyard v. State, 667 So.2d 1028 (Fla. 2d DCA 1996). On remand, the appellant shall have thirty days from the date of the mandate within which to file a written objection to the amount assessed. If an objection is filed with the trial court, the assessment shall be stricken and a new assessment shall not be imposed without notice and a hearing pursuant to rule 3.720(d)(1). Sandefur v. State, 660 So.2d 1183 (Fla. 2d DCA 1995); Bourque v. State, 595 So.2d 222 (Fla. 2d DCA 1992).
*840 Conviction affirmed, certain costs stricken and remanded for further proceedings consistent with this opinion.
DANAHY, A.C.J., and FRANK, J., concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).