699 So.2d 304 (1997)
Jeremy GERALD, Appellant,
v.
STATE of Florida, Appellee.
No. 96-01948.
District Court of Appeal of Florida, Second District.
September 17, 1997.
James Marion Moorman, Public Defender, and Tosha Cohen, Assistant Public Defender, Bartow, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann Pfeiffer Corcoran, Assistant Attorney General, Tampa, for appellee.
PER CURIAM.
The appellant, Jeremy Gerald, challenges the judgment and sentence imposed upon him after he was adjudicated guilty of grand theft of a motor vehicle and trespass in a structure or conveyance. We find that the trial court erred by imposing attorney's fees and certain court costs, but affirm the court in all other aspects.
At the sentencing hearing, the court orally ordered the appellant to pay $250 in court costs and $1250 in attorney's fees. Both the oral pronouncement and written order provided no reference to the statutory authority for these amounts. Additionally, the trial court did not inform the appellant that he had the right to contest the attorney's fees. The appellant filed a timely notice of appeal from the judgment and sentence imposed upon him.
While a trial court may impose mandatory court costs of up to $253 without orally announcing the statutory authority at the sentencing hearing, the written order must reflect the statutory authority upon which the costs are imposed. Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995). See also Smith v. State, 686 So.2d 8 (Fla. 2d DCA 1996). The court erred by failing to include in its written order citation to the proper statutory authority for the $250 in costs it imposed on appellant. We, accordingly, strike the $250 in court costs. Upon remand, the state may seek reimposition of court costs. Sutton v. State, 635 So.2d 1032 (Fla. 2d DCA 1994).
Although the trial court announced at the sentencing hearing that $1250 in attorney's fees were to be assessed, it failed to *305 advise the appellant of his right to a hearing to contest this amount as required. Fla. R.Crim. P. 3.720(d)(1); Washington v. State, 685 So.2d 858 (Fla. 2d DCA 1996).
We, accordingly, remand this case with instructions that appellant be given thirty days to file a written objection to the amount of the attorney's fees. If he files an objection, the trial court must strike the attorney's fees and may impose a new fee provided that appellant is afforded the required notice and hearing. Halyard v. State, 667 So.2d 1028 (Fla. 2d DCA 1996).
Affirmed in part; reversed and remanded with directions.
SCHOONOVER, A.C.J., and QUINCE and NORTHCUTT, JJ., concur.