PARKER, Chief Judge.
James Walker appeals the final judgment adjudicating him guilty of lewd and lascivious act in the presence of a child under the age of sixteen and burglary, arguing that the trial court erred in denying his motion for judgment of acquittal. We affirm the judgment and sentence without comment, except as to the pubhc defender’s lien and costs.
*700 Florida Rule of Criminal Procedure 3.720(d)(1) requires a trial court to orally notify a defendant at sentencing of the imposition of a public defender’s lien, the statutory authority for the imposition of the lien, the amount of the lien, and an accused’s right to a hearing to contest the amount of the hen. See Smith v. State, 694 So.2d 838, 839 (Fla. 2d DCA 1997); Waldron v. State, 677 So.2d 393, 394 (Fla. 2d DCA 1996). The record in this case reflects that the $150 public defender’s lien was not orally pronounced. We, therefore, strike the public defender’s lien. However, we do so without prejudice to the State to seek reimposition of the hen on remand in accordance with the proper procedure. See Gant v. State, 682 So.2d 1137 (Fla. 2d DCA 1996).
The State concedes that this case needs to be remanded to the sentencing court to enter a new order as to costs. In this case, the sentencing court imposed an additional $2 cost which was not a mandatory cost. The only $2 statutorily authorized cost which the State could find is found in section 943.25(13), Florida Statutes (1995), for Criminal Justice Education and Training. However, such a cost is discretionary; therefore, it must be orally pronounced at sentencing. See Harrison v. State, 698 So.2d 379 (Fla. 2d DCA), review denied, 703 So.2d 476 (Fla.1997); Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995) (en banc). Because the sentencing court failed to orally pronounce this $2 cost, it must be stricken. See Reyes.
Further, the State concedes that the remaining $253 in costs also must be stricken because the court failed to cite the proper statutory authority for the costs in its written order. However, the State submits that we should remand to the sentencing court so that it may seek reimposition of these costs. See Gerald v. State, 699 So.2d 304 (Fla. 2d DCA 1997).
Accordingly, the conviction and sentence are affirmed, except for: (1) that portion of the sentence that imposes the public defender’s lien, which is stricken without prejudice to reimpose it on remand; and (2) that portion of the sentence imposing $255 costs, which is stricken, but with directions that, on remand, the State be allowed to seek reimpo-sition of these costs not in excess of $253, and with a citation to the proper authority.
PATTERSON and FULMER, JJ., concur.