712 So.2d 413 (1998)
Marcus FIELDS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-04602.
District Court of Appeal of Florida, Second District.
May 13, 1998.
James Marion Moorman, Public Defender, Bartow, and Frank D.L. Winstead, Assistant Public Defender, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and John M. Klawikofsky, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
Marcus Fields has challenged the sentence imposed upon him for sale of cocaine, possession of cocaine, sale of marijuana, and possession of marijuana. The trial judge departed from the guidelines permitted range of 28.95 to 48.25 months in state prison on the ground that the defendant exhibited an escalating pattern of criminal conduct. Accordingly, she sentenced Fields as a youthful offender to four years in prison followed by two years on probation. Because Fields' conduct does not fit within the established "escalating" pattern, we reverse his sentence. Furthermore, the court erred in imposing certain liens and costs, which must be stricken.
Expressing frustration with this young defendant at sentencing, the judge noted that Fields had an extensive prior record, consisting of burglaries, obstructing and opposing without violence, batteries, robbery, and concealed firearm charges. Fields' current drug offenses, which included one second degree felony, two third degree felonies, and one misdemeanor, do not represent an escalation from his prior conduct. As defined in section 921.001(8), Florida Statutes (1995), "The escalating pattern of criminal conduct may be evidenced by a progression from nonviolent to violent crimes, a progression of increasingly violent crimes, or a pattern of increasingly serious criminal activity." Furthermore, the designation of Fields as a youthful offender will not support departure from the guidelines without valid written reasons. *414 See Easton v. State, 687 So.2d 46 (Fla. 2d DCA 1997); Hernandez v. State, 672 So.2d 66 (Fla. 2d DCA 1996).
Because the trial judge imposed an invalid departure sentence, the new sentence must be within the guidelines. If the court imposes another youthful offender sentence, the term must be within the statutory maximum for each offense. See § 958.04(2)(d), Fla. Stat. (1995).
In addition to the invalid departure, irregularities occurred in the imposition of costs and liens. The judge announced that she was imposing a public defender lien without stating the amount or notifying the defendant of his opportunity to contest the amount. On remand, Fields must be given thirty days to file a written objection to the amount of the attorney's fees. If he files an objection, the trial court must strike the attorney's fees and may impose a new fee provided that the defendant is afforded notice and a hearing. See Gerald v. State, 699 So.2d 304 (Fla. 2d DCA 1997); Halyard v. State, 667 So.2d 1028 (Fla. 2d DCA 1996).
The trial court also announced that Fields would be required to pay $80.00 in restitution to the St. Petersburg Police Department within the probationary period. Without a request from the appropriate agency documenting its costs, which is absent here, it was erroneous to require the defendant to pay this cost. This cost must be stricken, but on remand, the State shall have an opportunity to obtain the appropriate documentation under section 939.01(1), Florida Statutes (1995) (renumbered as section 938.27 and amended, effective July 1, 1997). See Sutton v. State, 635 So.2d 1032 (Fla. 2d DCA 1994).
Finally, further court costs of $255.00 were imposed. All are mandatory except for the $2.00 fine, and appropriate statutory authority was cited in the written order. Accordingly, only the $2.00 cost must be stricken.
Reversed and remanded for resentencing.
FRANK, A.C.J., and THREADGILL J., concur.