713 So.2d 1114 (1998)
James H. GONSE, Appellant,
v.
STATE of Florida, Appellee.
No. 96-02896.
District Court of Appeal of Florida, Second District.
July 24, 1998.
James Marion Moorman, Public Defender, Bartow, and Frank D.L. Winstead, Assistant Public Defender, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
PATTERSON, Acting Chief Judge.
James Gonse appeals from his judgment and sentence for DUI and driving while license suspended or revoked. We agree with Gonse that errors in sentencing require reversal and remand.
The trial court sentenced Gonse on June 5, 1996, to 51.6 months in prison, and as the State concedes, the sentencing scoresheet contains mathematical errors apparent on the face of the record. The State points out, however, that Gonse should have been scored *1115 nine points each, not six points each, for two prior felony DUI charges. The State contends that other errors on the scoresheet, if corrected, would allow the trial court to resentence Gonse to the same 51.6 month sentence, and therefore, the error is harmless.
The State's argument, however, relies upon adding four points to the scoresheet for legal status violation. While the record does contain a reference to a violation of probation on Pinellas County charges, the record does not support the State's contention that Gonse was on probation at the time of the current offenses, and the State did not make that argument at sentencing. Therefore, because we cannot conclude that Gonse's corrected sentence would be the same as his current sentence, we reverse and remand for resentencing with a corrected scoresheet.
For purposes of remand, we note that the trial court erred in imposing certain costs. The trial court improperly imposed a $1,000 public defender lien without any indication of defense counsel's hourly rate or time spent on the case. See Gilchrist v. State, 674 So.2d 847 (Fla. 2d DCA 1996); Hankerson v. State, 464 So.2d 700 (Fla. 2d DCA 1985). Second, the trial court failed to inform Gonse at sentencing, as Florida Rule of Criminal Procedure 3.720(d)(1) requires, "of the imposition of a lien pursuant to section 27.56, Florida Statutes" and of the defendant's "right to a hearing to contest the amount of the lien." See Smith v. State, 694 So.2d 838, 839 (Fla. 2d DCA 1997).
In imposing investigative costs, the trial court merely stated, "eighty dollars to the Sheriff's Office." To impose this cost on remand, the State must request it and document the amount. See Imhoff v. State, 673 So.2d 94 (Fla. 2d DCA 1996); Golden v. State, 667 So.2d 933 (Fla. 2d DCA 1996); § 939.01, Fla. Stat. (1995).
With respect to the $2 discretionary cost authorized by section 943.25(13), Florida Statutes (1995), the trial court must orally impose it at the sentencing hearing. See Reyes v. State, 655 So.2d 111, 117 (Fla. 2d DCA 1995) (en banc).
Thus, we affirm Gonse's convictions and reverse and remand for resentencing.
QUINCE and GREEN, JJ., concur.