SHAHOOD, J.
Appellant, D.B., appeals from a delinquency disposition order adjudicating him delinquent for the offenses of sexual battery and lewd, lascivious or indecent act. Appellant raises five points on appeal. We hold that the trial court erred in adjudicating appellant delinquent for both sexual battery and lewd, lascivious or indecent act, and further erred in imposing a public defender fee without giving appellant prior notice and an opportunity to be heard. We affirm the remaining three issues raised by appellant.
In this case, appellant was charged by delinquency petition with sexual battery and lewd assault arising out of the same incident and was adjudicated delinquent on both counts. Appellee, State of Florida, concedes, and we agree, that adjudication on both counts is improper. It is well settled that the crimes of sexual battery and lewd and lascivious assault are mutually exclusive and a defendant cannot be convicted of both crimes arising from the same incident. See State v. Hightower, 509 So.2d 1078 (Fla.1987); Fjord v. State, 634 So.2d 714 (Fla. 4th DCA 1994). Since these crimes arise out of the same incident, they cannot both stand, and the lesser crime of lewd, lascivious or indecent act must be vacated.
As to the imposition of a public defender fee, Florida Rule of Criminal Procedure 3.720(d)(1) requires a trial court to orally notify a defendant at sentencing of the imposition of a public defender’s lien, the statutory authority for the imposition of the hen, the amount of the lien, and an accused’s, right to a hearing to contest the amount of the lien. In this case, since notice and opportunity to be heard were not given, the public defender’s lien should be stricken, but without prejudice to the state to seek reimposition upon proper notice. See Walker v. State, 710 So.2d 699 (Fla. 2d DCA 1998).
Based on the foregoing, we reverse and remand with directions to the trial court to *1131 vacate the adjudication for a lewd, lascivious or indecent act, and to strike the public defender’s lien in accordance with this opinion.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
DELL and GROSS, JJ., concur.