CAMPBELL, Acting Chief Judge.
Appellant challenges his sentence following the revocation of the probationary portion of his youthful offender sentence. The State concedes that the trial court erred in sentencing appellant to the maximum youthful offender sentence of six years’ imprisonment as this sentence exceeded the maximum permitted under the guidelines. Contrary to appellant’s argument, however, we conclude that the trial court was under the mistaken belief that the sentencing guidelines did not apply to sentencing as a youthful offender and that the six-year sentence imposed was not a departure sentence. Therefore, consistent with our holdings in Easton v. State, 687 So.2d 46 (Fla. 2d DCA 1997) and Hernandez v. State, 672 So.2d 66 (Fla. 2d DCA 1996), we reverse appellant’s sentence and remand for resentencing.
On remand, the trial court may reimpose the same six-year sentence, provided written reasons for departure are set forth. See Fields v. State, 712 So.2d 413 (Fla. 2d DCA 1998); Hernandez. Additionally, the written sentencing documents should be corrected to conform to the trial court’s oral pronouncement that appellant receive credit for time served on the charges which formed the basis of his violation of probation.
Reversed and remanded.
NORTHCUTT and STRINGER, JJ., Concur.