PARKER, Acting Chief Judge.
In this Anders[1] appeal, Azavion Tyrone Smith appeals his judgment and sentence for trafficking in cocaine. We affirm Smith’s conviction and sentence; however, we remand this case to the trial court for review of the issue of investigative costs.
As part of Smith’s sentence, the trial court imposed $100 in costs pursuant to section 938.27(1), Florida Statutes (1999), for investigative costs allegedly incurred by the Manatee County Sheriffs Office. Section 938.27(1) authorizes the trial court to impose costs for investigation by law enforcement agencies “if requested and documented by such agencies.” § 938.27(1), FlaStat.- (1999). This court has reversed the imposition of investigative costs when the State has neither requested nor documented them. Gonse v. State, 713 So.2d 1114, 1115 (Fla. 2d DCA 1998). In this case, there is no record evidence that the State either requested or documented the costs incurred by the Manatee County Sheriffs Office. Therefore, we reverse the imposition of investigative costs. The trial court may reimpose these investigative costs on remand if the State requests and documents them. Id.
Affirmed in part; remanded to the trial court to address the issue of investigative costs.
FULMER and SILBERMAN, JJ., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).