PALMER, J.
J.S. (defendant) appeals his juvenile delinquency adjudication, arguing that the trial court imposed an unauthorized $500.00 fine. Concluding that the trial court’s imposition of said fine was improper, we strike it.
The State filed a petition for delinquency against the defendant charging him with committing the crime of throwing a deadly missile into an occupied vehicle. The matter proceeded to trial. Upon review of the evidence presented, the trial court adjudicated the defendant guilty as charged.
The court thereafter placed the defendant on probation for a term of one year and ordered him to pay statutory court costs and fees. Of particular importance to the instant appeal, the court also im *753 posed an additional “court cost”. In that regard, during the dispositional hearing, the trial court expressed its intention to impose an additional cost onto the defendant’s sentence as follows:
When I’m working, there are 12 people working the taxpayers pay for. So I’m going to require that he pay for that. I figure that costs about $1,000.
However, when the court was advised that the normal statutory court costs totaled $360.00, the court decided to assess an additional $500.00 cost instead of a $1,000.00 cost:
I’m going to add $500. I won’t make it 1,000; I’ll make it 500. But the concept is — and that’s not punitive, it’s compensatory. His actions, his crime, has caused us to spend time here that the taxpayers are responsible for. I want him to pay that.
Defense counsel objected, asking the court to identify what statutory authority the court was relying upon in order to access the additional costs. The court responded:
I don’t know. Take it to the Fifth and ask them. Let me put it to you this way_Well, I do new things. I — give me the right to be innovative a little bit. But I’ll just call that under the right of personal responsibility. So that’s — I’m adding — actually adding that as a cost, so — or a fine; whatever you want to call it.
Following his adjudication, the defendant filed a timely notice of appeal, as well as a motion to correct sentencing error. The motion argued that the trial court’s imposition of the $500.00 cost was illegal. The trial court conducted a hearing on the motion. During the hearing, the trial court explained its reasoning for imposing the additional fee as follows:
The spirit of the thing is that the more time the system spends on a case, the more that costs the system and, therefore, the more the fine ought to be. Now, I recognize you may disagree with that logic, but that’s, you know — now, I don’t really care if we call it a fine or cost or whatever, as long as — it’s designed to replenish the funds in the system as a result of it being expended because of the criminal conduct of a defendant.
The court thereafter entered an order modifying the defendant’s original disposition order, directing that the defendant’s adjudication documents read: “Court imposes $500 fine and deletes the wording listed as court adds $500 to court cost found on the order of fines/costs/fees order.”
The defendant argues that the trial court reversibly erred in ordering him to pay the additional $500.00 court fine. We agree.
The law is well settled that trial courts lack the authority to impose costs and fines in criminal cases unless such imposition is specifically authorized by statute and the statutory authority is cited in the defendant’s written disposition order. See Lawley v. State, 680 So.2d 472 (Fla. 1st DCA 1996); see also Fisher v. State, 697 So.2d 1291 (Fla. 1st DCA 1997); Williams v. State, 674 So.2d 885 (Fla. 2d DCA 1996); Bradshaw v. State, 638 So.2d 1024 (Fla. 1st DCA 1994).
The trial court exceeded its authority by imposing the $500.00 court fine as a means to both compensate the taxpayers for utilizing the court’s time and imposing personal responsibility on the defendant because the trial court failed to cite to any legal authority justifying the imposition of the fine.
The State suggests that since the defendant was adjudicated guilty of committing a second degree felony, the trial *754 court’s ruling could be affirmed because the imposition of a $500.00 fine is authorized under section 775.083 of the Florida Statutes; specifically, the statutory language which provides that a person who has been convicted of committing an offense other than a capital felony may be sentenced to pay a fine not exceeding $10,000.00. However, the trial court failed to cite to the statute as being the basis for the imposition of the instant fine and thus failed to comply with the case law requiring proper documentation. In fact, the trial court acknowledged on the record that it had no statutory basis upon which to impose the fine. Additionally, a juvenile delinquency adjudication does not constitute a “conviction”, as is required by the language of section 775.083(1) in order to justify the imposition of a fine pursuant to that portion of the statute. See E.J. v. State, 912 So.2d 382 (Fla. 2d DCA 2005)(holding that juvenile who was adjudicated delinquent was not required to pay a court cost of $3 assessed for operation and administration of teen courts, under statute providing for imposition of $3 cost on persons who were “convicted” of a criminal violation since juvenile was not “convicted” of an offense by virtue of the delinquency adjudication, and the relevant statute did not provide that adjudication of delinquency triggered the cost).
Fine STRICKEN.
PLEUS, C.J. and SAWAYA, J., concur.