927 So.2d 97 (2006)
A.M.P., A Child, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-1286.
District Court of Appeal of Florida, Fifth District.
April 13, 2006.
*98 James S. Purdy, Public Defender, and Anne Moorman Reeves, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, J.
A.M.P., a juvenile, appeals an adjudication of delinquency based, in part, on her conviction of the offense of disruption of an educational institution. She appeals a $500 fine orally imposed at sentencing, but not made part of the written judgment and sentence, and she challenges an award of attorney's fees and the imposition of restitution included in the written judgment and sentence, but not orally pronounced at sentencing.
On February 25, 2004, A.M.P. got into a fight with another student in a bathroom at Winter Park High School. An assistant principal at the school broke up the fight, and A.M.P. intentionally bumped the principal *99 with her shoulder. Based on this incident, A.M.P. was charged with battery on a school employee, disorderly conduct, and disruption of an educational institution.
At the adjudicatory hearing, the assistant principal involved in the incident testified that on the day in question, she was engaged in hall supervision of class changes. She learned of a fight between two girls in the girls' restroom directly across the hall from her station. The assistant principal walked into the bathroom, where she found both girls with their hands locked in each other's hair. She asked them several times to separate, which they finally did. A.M.P. was angry because she did not want to be at school and had problems with some of the other students, and as she walked toward the assistant principal she lightly but purposefully bumped into her with her shoulder and/or arm. The assistant principal could not recall the exact time that this incident occurred, other than to say it happened in the morning. She said it "might have been right before school had actually started," but she really did not know. When asked how much of her day was used to deal with the situation, the assistant principal responded:
Probably a couple of hours in getting students' statements, contacting parents. But it wasn't a disruption to the regular school day in that students were in class and going to their classes as they should have been. As far as my time, it was a couple of hours. But it wasn't a classroom disruption to the rest of the school.
At the close of the evidence, A.M.P. moved for a judgment of acquittal on the charge of disruption of an educational institution. The State argued that the evidence was sufficient to prove a prima facie case because school personnel had had to use their time to deal with the situation. Counsel stated:
[t]he fact that they had to break up this fight and they had to engage in their time and basically divert all their attention to the defendant's conduct is certainly a disruption in the educational institution, because if you didn't fight, they would be going about their ordinary course of business to be administering the school.
The court denied the motion for a judgment of acquittal.
At disposition, the court withheld an adjudication of guilt and placed A.M.P. on six months of parental probation. Over objection, the court also imposed a $500 fine, but did not state the statutory authority for the imposition of the fine. The court explained that:
the fact that she went to trial cost the taxpayers in this community a greater amount. And I like to havefines have some relationship to the impact on the community.
The court ordered her to pay this fine at the rate of $50 per month.
A written order was entered the following day. Consistent with its oral pronouncement, the court imposed an "ADDITIONAL COURT FINE OF $500." Also, although not discussed at the disposition hearing, the order required A.M.P. to "[r]epay Orange County for attorney's fees in the amount of $287.50." Finally, among other charges, the order required payment of restitution, but did not specify an amount. With respect to each count, the order stated:
Restitution is hereby reserved CHILD TO PAY AT A RATE OF $50 PER MONTH UNTIL PAID IN FULL. JURISDICTION FOR RESTITUTION IS EXTENDED UNTIL PAID IN FULL.
After the notice of appeal was filed, A.M.P. moved the trial court under Florida *100 Rule of Juvenile Procedure 8.135(b)(2) to remove the charge for attorney's fees and for restitution from the order of disposition, on the basis that neither charge had been orally pronounced in court. The trial court summarily denied the motion.
This case involves the interpretation of section 877.13, Florida Statutes, which provides:
(1) It is unlawful for any person:
(a) knowingly to disrupt or interfere with the lawful administration or functions of any educational institution, school board, or activity on school board property in this state.
Id. A number of courts, including this court, have recognized that this "statute seeks to prohibit acts which are `specifically and intentionally designed to stop or temporarily impede the progress of any normal school function or activity occurring on the school's property.'" T.J. v. State, 867 So.2d 1238 (Fla. 5th DCA 2004), quoting M.C. v. State, 695 So.2d 477, 483 (Fla. 3d DCA 1997). A broad interpretation of the statute would turn virtually every infraction of school rules into a criminal act to the extent that the infraction occurred on school grounds, during school hours, and required the attention of school officials.
The statute's requirement that one must "knowingly" disrupt the functioning of an educational institution suggests that the prohibited conduct requires some sort of purposeful interference with school activities. See, e.g., S.W.W. v. State, 833 So.2d 877 (Fla. 3d DCA 2003) (reversing a conviction under statute because record did not support a finding that the juvenile acted "with the intention that his behavior impede the successful functioning" of the school or that he acted "with reckless disregard of the effect of his behavior"; court did not describe behavior on which charges were based); T.H. v. State, 797 So.2d 1291 (Fla. 4th DCA 2001) (juvenile could not be convicted of knowingly disrupting functioning of educational institution, where motive for fight was jealousy over girl). A conviction also appears to require ongoing school activities of some kind. T.H., supra (juvenile could not be convicted of knowingly disrupting functioning of educational institution, where fight occurred before school hours and no school activity or function was taking place at location of fight). This interpretation would be consistent with the notion that criminal statutes are to be strictly construed in favor of an accused. § 775.021, Fla. Stat. (2003). Here, there was no evidence offered of any intent to disrupt and no evidence that the function of the institution was disrupted. We vacate the conviction on this offense.
At the disposition hearing, the judge imposed a $500 fine on A.M.P. without specifying the basis on which the fine was being imposed. Defense counsel objected, stating, "We'd object to the fine at this point. We'd argue to the Court that she's indigent, sir." The court overruled her objection, and imposed the fine in its written disposition order. The written order also failed to state the statutory basis for the award.
On appeal, A.M.P. correctly urges that the trial court has no power to impose a fine on a juvenile in a delinquency proceeding because imposition of a fine is not included within the powers of disposition given to the trial court in a delinquency proceeding. § 985.231, Fla. Stat. (2003); J.S. v. State, 920 So.2d 752 (Fla. 5th DCA 2006). Furthermore, an adjudication of delinquency does not qualify as a "conviction" for the purposes of section 775.083, which allows the imposition of varying fines for the conviction of varying degrees of criminal offenses. See J.S., supra; State v. N.P., 913 So.2d 1 (Fla. 2d DCA 2005) (finding of delinquency was not "conviction," for purpose of statute requiring imposition of fine for criminal mischief *101 conviction). Nonetheless, as is argued by the State, the issue is not cognizable on appeal because of the failure to preserve the error. It could have been considered on direct appeal if it had been first presented to the trial court, pursuant to Florida Rule of Appellate Procedure 9.140(e), but it was not. Accordingly, we affirm.
A.M.P. also objects to the final order insofar as it directs her to pay restitution at the rate of $50 per month until paid in full. This is one of the powers of disposition afforded to the court. See § 985.231, Florida Statutes (2003) (court may order child to make restitution in money or in kind). Here, however, the State never identified any damages requiring restitution and no evidence on this issue was presented at the hearing. In fact, the issue was never discussed. The imposition of restitution must be stricken. See S.I. v. State, 784 So.2d 1208 (Fla. 2d DCA 2001); Reyes v. State, 655 So.2d 111, 116 (Fla. 2d DCA 1995) (en banc).
Finally, A.M.P. complains about that portion of the final judgment which required her to "[r]epay Orange County for attorney's fees in the amount of $287.50." The State concedes that the award should be stricken because the State failed to give A.M.P. notice of its intent to impose fees and an opportunity to object to the amount. D.B. v. State, 761 So.2d 1130 (Fla. 4th DCA 1998); J.B. v. State, 733 So.2d 1134 (Fla. 4th DCA 1999). However, this is done without prejudice to the State to seek reimposition upon proper notice. D.B, supra; J.B., supra.
AFFIRMED in part, REVERSED in part and REMANDED.
THOMPSON and MONACO, JJ., concur.