944 So.2d 474 (2006)
Dale JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-1585.
District Court of Appeal of Florida, Fourth District.
November 29, 2006.
Rehearing Denied January 18, 2007.
*475 Carey Haughwout, Public Defender, and David John McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Sue-Ellen Kenny, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
Appellant, Dale Lee Johnson ("Johnson"), timely appeals a conviction of felony driving under the influence ("DUI"). Johnson raises two independent challenges on appeal. First, he contends that his right to a jury trial was violated when the trial court determined, without a jury, that he had three prior DUI convictions. Based on stipulation of counsel, we find no error and affirm. Second, Johnson argues that the trial court improperly imposed a public defender fee without advising him of his right to contest its amount. As explained below, we strike the public defender fee without prejudice to it being reimposed on remand after the proper procedures are followed.
*476 The State charged Johnson with, inter alia, felony DUI. The information alleged that Johnson's faculties were impaired and that he had three prior DUI convictions. The trial court conducted a jury trial on the single, present incident of DUI at issue without allowing the jury to learn of the alleged prior misdemeanor DUI offenses. After the jury returned a guilty verdict as to the present incident, it was excused and, based on the parties' previous stipulation, the trial court proceeded without a jury to determine whether Johnson had been convicted of DUI on three or more prior occasions.
The trial court ascertained that Johnson had three previous DUI convictions from his Florida Department of Highway Safety and Motor Vehicle Division of Driver's Licenses Transcript of Driver Record. Based on Johnson's prior convictions and the verdict of the jury, the court adjudicated Johnson guilty of felony DUI.
During sentencing, the trial court imposed statutory fines, fees and costs, including a public defender fee, as well as SN1, CSTF, AC and CFF fees.[1] Johnson's Rule 3.800(b)(2) motion, which sought to vacate the public defender fee, was denied. See Fla. R.Crim. P. 3.800(b)(2).
First, we hold that the trial court did not err in determining Johnson's prior DUI convictions without a jury, because Johnson waived his right to a second phase jury determination. In State v. Rodriguez, 575 So.2d 1262 (Fla.1991), the Supreme Court of Florida stated "that if a defendant charged with felony DUI elects to be tried by a jury, the court shall conduct a jury trial on the elements of the single [present] incident of DUI at issue without allowing the jury to learn of the alleged prior [misdemeanor] DUI offenses." Rodriguez, 575 So.2d at 1266 (footnote omitted). The Court further provided that if the jury returned a guilty verdict as to the single incident of DUI, "the trial court shall conduct a separate proceeding without a jury to determine whether the defendant had been convicted of DUI on three or more prior occasions." Id. However, in response to the United States Supreme Court's decision in United States v. Gaudin, 515 U.S. 506, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995), the Supreme Court of Florida held, "in this bifurcated process the jury, not the judge, must determine the verdict from the evidence presented in the second phase." State v. Harbaugh, 754 So.2d 691, 694 (Fla.2000) (citing Gaudin, 515 U.S. at 509-10, 115 S.Ct. 2310).
Nevertheless, the right to a second phase jury determination may be waived by a defendant. Id. We have previously stated that "[a] defendant may orally waive the right to jury trial if the defendant is represented by counsel and receives full explanation of the consequences of the waiver by the trial judge." Kelly v. State, 797 So.2d 1278, 1280 (Fla. 4th DCA 2001) (citing Tucker v. State, 559 So.2d 218, 220 (Fla.1990)). In the instant case, the trial court did not conduct a colloquy with Johnson concerning waiver. See Tucker, 559 So.2d at 219 ("An appropriate oral colloquy will focus a defendant's attention on the value of a jury trial and should make a defendant aware of the likely consequences of the waiver."). However, Johnson's counsel had previously stipulated to a second phase bench trial and affirmed this stipulation at trial, in Johnson's presence, per the court's request. We therefore hold that the stipulation of Johnson's counsel affected a valid waiver of Johnson's right to a second phase jury *477 determination of his prior DUI convictions, and affirm on this issue.
As to Johnson's second point on appeal, we hold that the trial court erred in failing to advise Johnson of his right to a hearing to contest the amount of the public defender's fee. Florida Rule of Criminal Procedure 3.720(d)(1) provides that the defendant must be advised at sentencing of his right to a hearing to contest the amount of the public defender's fee. If such advice is not given, the public defender fee must be stricken, without prejudice to being reimposed on remand after the proper procedure is followed. Ciccia v. State, 854 So.2d 243, 243 (Fla. 4th DCA 2003). The trial court in this case failed to advise Johnson of his right to a 3.720(d)(1) hearing. See Fla. R.Crim. P. 3.720(d)(1). Due to this error, we now strike the public defender fee under Ciccia and remand for the proper procedures to be followed.[2]See Ciccia, 854 So.2d at 243.
Johnson also argues that the other fees imposed by the trial court must be reversed because the court did not refer to the statutory authority for their imposition. In support, Johnson cites Sutton v. State, 635 So.2d 1032 (Fla. 2d DCA 1994), in which the Second District stated that although statutorily mandated court costs can be imposed without notice to a defendant, the record must contain a citation to the proper statutory authority supporting the assessment of such costs. Sutton, 635 So.2d at 1033. However, this court has on more than one occasion found Sutton unpersuasive. See Lyons v. State, 837 So.2d 540, 541 (Fla. 4th DCA 2003); see also I.B. v. State, 806 So.2d 610, 612-13 (Fla. 4th DCA 2002) (rejecting Sutton as imposing a technical requirement beyond that required in any statute). Accordingly, we find that Johnson's argument in this regard is without merit.
Based on the foregoing, we strike the public defender fee and remand for relevant proceedings in the trial court. However, we affirm and find no error in Johnson's conviction for felony DUI based on the trial court's second phase non-jury determination of Johnson's prior DUI convictions.
Affirmed and remanded with instructions.
KLEIN and MAY, JJ., concur.
NOTES
[1] SN1 ("Safe Neighborhood 1"); CSTF ("Crime Stoppers Trust Fund"); AC ("Additional Costs"); CFF ("Capital Facilities Fund"). See Fla. Stat. § 939.185 (2006).
[2] Upon remand, Johnson will have thirty (30) days from the date of this court's mandate to file a written objection with the trial court to the amount assessed. Bourque v. State, 595 So.2d 222, 222 (Fla. 2d DCA 1992). If Johnson files an objection with the trial court, the assessment shall be stricken and a new assessment shall not be imposed without notice and hearing pursuant to Rule 3.720(d)(1). Id.; see also Waldron v. State, 677 So.2d 393, 394 (Fla. 2d DCA 1996).