GERBER, J.
 

 The defendant appeals from a judgment and sentence for possession of cocaine and use or possession of drug paraphernalia. He raises four arguments: (1) the state failed to establish that he was either in actual or constructive possession of cocaine; (2) section 893.13, Florida Statutes (2010), is unconstitutional on its face because it eliminates the scienter requirement in drug prosecutions; (3) his three-year sentence is unconstitutional because section 893.13 creates a strict liability crime with a maximum two-year sentence; and (4) the court imposed a $1500 public defender’s fee without allowing him a meaningful hearing and without requiring any proof of the amount.
 

 On the first three arguments, we affirm without discussion.
 
 See Ogle v. State,
 
 820 So.2d 1054, 1056 (Fla. 4th DCA 2002) (the state’s evidence was sufficient to support a finding that the defendant had constructive possession of drugs where, among other things, the police found drugs in his bedroom and he stated that the bedroom’s belongings were his);
 
 Maestas v. State,
 
 76 So.3d 991, 996 (Fla. 4th DCA 2011) (‘We hold that section 893.101 did not remove scienter from section 893.13 offenses and did not create an unconstitutional strict liability crime.”).
 

 On the fourth argument, the state properly concedes error. As we held in
 
 Johnson v. State,
 
 944 So.2d 474 (Fla. 4th DCA 2006):
 

 Florida Rule of Criminal Procedure 3.720(d)(1) provides that the defendant must be advised at sentencing of his right to a hearing to contest the amount of the public defender’s fee. If such advice is not given, the public defender fee must be stricken, without prejudice to being reimposed on remand after the proper procedure is followed.
 

 Id.
 
 at 477 (citation omitted). Here, as in
 
 Johnson,
 
 the trial court did not advise the defendant of his right to a rule 3.720(d)(1) hearing. Due to this error, we must reverse the entry of the public defender fee without prejudice. Upon remand, the defendant will have thirty days from the date of this court’s mandate to file a written objection with the trial court to the amount assessed.
 
 Id.
 
 at 477 n. 2 (citation omitted). If the defendant files an objection with the trial court, a new assessment shall not be imposed without notice and hearing pursuant to rule 3.720(d)(1).
 
 Id.
 
 (citations omitted).
 

 
 *1198
 
 The parties agree that the trial court conducted a rule 3.720(d)(1) hearing after the defendant filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800. However, the trial court did not enter an order on the motion within the required sixty-days.
 
 See
 
 Fla. R.Crim. P. 3.800(b)(1)(B) & (b)(2)(B) (2010). Therefore, “the motion is deemed denied and the subsequent order on the motion is a nullity.”
 
 Maestas,
 
 76 So.3d at 993 n. 1.
 

 Affirmed in part, reversed in part, and remanded.
 

 CIKLIN and LEVINE, JJ., concur.