DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAMIN CHAVIS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-1132

[May 16, 2018]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert E. Belanger, Judge; L.T. Case No. 562014CF002236.

Michael Ufferman of Michael Ufferman Law Firm, P.A., Tallahassee, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Allen R. Geesey, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

On appeal from his sentence for attempted first degree murder and two counts of attempted robbery, the defendant argues the trial court erred in sentencing him as a prison releasee reoffender ("PRR") because the jury did not find that he was released from prison within three years prior to the present case. He also argues the trial court erred in failing to cite the applicable county ordinance in the cost order. We disagree with him on both issues and affirm.

*Chapa v. State*, 159 So. 3d 361 (Fla. 4th DCA 2015), is dispositive on the PRR issue. There, we held that it is unnecessary for a jury to make the requisite findings for a PRR sentence. *Id.* at 362. Here, the trial court found: "beyond a preponderance, probably beyond clear and convincing evidence that he does qualify as a prison releasee reoffender having been released from the Department of Corrections on November 11, 2012, and the offense having occurred on July 17, 2014, within three years." This was sufficient to support the PRR sentence.

In his second issue, the defendant argues the court erred in imposing

costs without referencing the applicable county ordinance supporting the imposition of a $65 assessment, pursuant to section 939.185, Florida Statutes (2016).

In response to the defendant's 3.800(b) motion, requesting a breakdown of the court costs, the trial court issued an order providing a detailed breakdown of the costs with citations to Florida Statutes for each assessment. One cost was $65 for "ADDITIONAL COSTS (BOCC) – PROGRAMS *Mandatory with Ordinance*," pursuant to section 939.185(1)(a).

We have previously held that the trial court need not cite statutory authority for the imposition of costs. *See Johnson v. State*, 944 So. 2d 474 (Fla. 4th DCA 2006), *aff'd*, 994 So. 2d 960 (Fla. 2008). We now hold there is likewise no need to cite the ordinance for which court costs are imposed. That being said, the trial court cited the applicable statute. Section 939.185(1)(a) provides that the "board of county commissioners may adopt by ordinance an additional court cost, not to exceed $65, to be imposed by the court" after a person is found guilty of a felony.

We recognize that the First District has remanded a case for citation to the appropriate ordinance for costs under section 939.185. *See Carter v. State*, 173 So. 3d 1048, 1051 (Fla. 1st DCA 2015). The Second District has also directed that future court orders include a reference to both the statute and any applicable ordinance. *Ayoub v. State*, 901 So. 2d 311, 315 (Fla. 2d DCA 2005). And yet, another Second District opinion has affirmed the imposition of costs finding that reference to the statute was sufficient, and it was unnecessary to cite the local ordinance. *See Stewart v. State*, 906 So. 2d 1128, 1129-30 (Fla. 2d DCA 2005).

Here, the trial court cited the statutory authority to impose the costs, but did not cite the specific ordinance. In line with *Johnson*, this was more than sufficient. We affirm.

*Affirmed.*

TAYLOR and KUNTZ, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

2