# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-0321
Lower Tribunal No. CF23-001520-XX

_____

MATTHEW DAVID SPIRO,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Polk County.
Michelle O. Pincket, Judge.

September 5, 2025

NARDELLA, J.

In this appeal filed pursuant to *Anders v. California*, 386 U.S. 738, 87 (1967), Matthew Spiro challenges his judgment and sentence following a negotiated plea of nolo contendere and raises several issues for review, including whether the trial court erred in denying Mr. Spiro's motion to correct sentencing error wherein he alleged that a $2 cost could not be imposed pursuant to section 938.15, Florida Statutes, without citation to the enacting ordinance. While we recognize a split among our

sister courts on this issue, we find Judge Eisnaugle's rejection of this argument in *King v. State*, 375 So. 3d 389 (Fla. 5th DCA 2023), to be persuasive. *Compare King*, 375 So. 3d at 395 (rejecting any technical requirement that a citation to a local authority must always appear in every written cost order), *and Chavis v. State*, 247 So. 3d 9, 10 (Fla. 4th DCA 2018) (holding that there is no need to cite the ordinance for which court costs are imposed), *with Dibelka v. State*, 326 So. 3d 835, 838 (Fla. 2d DCA 2021) (remanding for identification of applicable local authority), *and Brown v. State*, 348 So. 3d 31, 33 (Fla. 1st DCA 2022) (finding that local authority for a court cost imposed in a criminal case must be cited in trial court's written order).

As Judge Eisnaugle explained, "While a citation in the written order might be the best practice, due process is satisfied, and appellate review possible, when there is citation to authority in the record or when the basis for each cost is otherwise evident in the record." *King*, 375 So. 3d at 395. Here, the record, specifically the plea form, identifies Polk County Code 2.203 as the local authority for the cost imposed pursuant to section 938.15. Since our *Anders* review reveals no reversible error harmful to Spiro, we affirm. *Williams v. State*, 50 Fla. L. Weekly D1636 (Fla. 5th DCA July 25, 2025) (explaining the bounds of the appellate court's unique role in *Anders'* appeals).

AFFIRMED.

TRAVER, C.J., and MIZE, J., concur.

2

Blair Allen, Public Defender, and Caroline Joan S. Picart, Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Helene S. Parnes, Senior Assistant Attorney General, Tampa, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED