DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PRINCE ORGILL,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2024-1145

[March 4, 2026]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Lawrence Mirman, Judge; L.T. Case No. 562020CF000944CXXXXX.

Daniel Eisinger, Public Defender, West Palm Beach, and Summer Hill, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Rachael Kaiman, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Appellant appeals his conviction of second-degree murder with a firearm and sentence to life in prison. We write only to address appellant's claim challenging the written sentencing order. During the sentencing hearing, the trial court orally imposed $963.60 for cost of prosecution and $50 for cost of investigation, noting the costs were requested by the state without objection. However, the written final judgment imposed $200 for cost of prosecution, $1,013.60 for cost of investigation, and $418 for court costs. Therefore, we remand to correct the scrivener's error in the cost of prosecution and cost of investigation. On the other issues raised, we affirm without further comment.

"Where a trial court's written sentencing order conflicts with the oral pronouncement, the oral pronouncement controls." *Wilson v. State*, 410 So. 3d 1211, 1211 (Fla. 4th DCA 2025) (citation omitted). As the state concedes, remand is required to correct the cost of prosecution to $963.60 and the cost of investigation to $50. Although appellant attempts to challenge the $50 cost of investigation, appellant did not preserve this

issue because he did not object to the imposition of the cost of investigation. *Norman v. State*, 676 So. 2d 7, 8 (Fla. 4th DCA 1996). As to the $418 court costs, appellant argues that the court costs assessed must be itemized with statutory authority. However, this court has "previously held that the trial court need not cite statutory authority for the imposition of costs." *Chavis v. State*, 247 So. 3d 9, 10 (Fla. 4th DCA 2018). Thus, there is no basis for remand on the court costs.

Accordingly, we affirm appellant's judgment and sentence but remand for correction of the scrivener's error to reflect the $963.60 for cost of prosecution and the $50 for cost of investigation orally imposed. Appellant need not be present for the correction. *See Stephenson v. State*, 368 So. 3d 5, 6 (Fla. 4th DCA 2023).

*Affirmed and remanded with instructions.*

LEVINE, CONNER and SHAW, JJ., concur.

\* \* \*

***Not final until disposition of timely-filed motion for rehearing.***

2